**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NIAMEH A. TYEHIMBA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-01139 |
| | ) | |
| vs. | ) | Judge Mary M. Rowland |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Cook County D.O.C., | ) | |
| C.O. Ms. Gondek, | ) | |
| C.O. Mr. Lewis, CCDOC Medical staff, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendants Officer Gondek and Officer Lewis, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Robin Williams, and answers Plaintiff's Complaint as follows:

1.  On the above date and time on 2/12/22 between 3:30pm and 4:30pm in Division 9, Tier 2H, cell 2058.

**ANSWER: Defendants admits Plaintiff was incarcerated at Cook County Jail on February 12, 2022.**

2.  I experienced a traumatic event. (paragraph 1) Where I had my left hand placed outside my chuckhold for blanket exchange.

**ANSWER: Defendant lacks information, knowledge, or belief as to the allegations in paragraph 2 and therefore denies.**

3.  Prior to that our cell was raided all blankets and sheets were confiscated except for one.

**ANSWER: Defendants admits there was a raid on February12, 2022.**

4.      Upon me trying to explain my situation to the deputy doing laundry (name unknown).

**ANSWER: Defendant lacks information, knowledge, or belief as to the allegations in paragraph 4 and therefore denies.**

5.      C/O Ms. Gondek began to walk up to my cell door and proceeded closing and slamming my hand in the chuckhold while the other officer doing laundry (name unknown) tried to help her do so.

**ANSWER: Defendants denies.**

6.      I screamed and yelled "please stop you are hurting me!"

**ANSWER: Defendant lacks information, knowledge, or belief as to the allegations in paragraph 6 and therefore denies.**

7.       I recited this over and over until C/O Ms. Gondek began to twist and turn my fingers in odd and unusual ways that were very painful and unbearable.

**ANSWER: Defendants denies.**

8.      Then I seen and felt her snap and break my little finger.

**ANSWER: Defendants lacks information, knowledge, or belief as to the allegations in paragraph 8 and therefore denies.**

9.      Once C/O Ms. Gondek seen and knew as well she stated "see what you made me do you stupid nigger!"

**ANSWER: Defendants denies.**

10.      Finally after an unknown amount of time of the situation occurring me and my cellmate, last name, HIBBLER, ID# unknown, was a witness to the whole situation, he told me

to remain calm and helped me onto my bunk.

**ANSWER: Defendants lacks information, knowledge, or belief as to the allegations in paragraph 10 and therefore denies.**

11.     Few minutes later we were let out for dayroom (paragraph 2) I informed C/O Mr. Lewis that I needed urgent care that I was in a lot of pain and summarized what happened to me to him.

**ANSWER: Defendants admits Plaintiff asked Officer Lewis for medical care. Defendant denies the remainder of the allegations in paragraph 11.**

12.     C/O Mr. Lewis stated "please back up, you'll have to wait until med-pass."

**ANSWER: Defendants denies.**

13.     I stated "please help me I am in a lot of pain and feel very faint also my vision is distorted ."

**ANSWER: Defendants lacks information, knowledge, or belief as to the allegations in paragraph 13 and therefore denies.**

14.      C/O Mr. Lewis went and sat down I called him back to help me and he stated "I can't help you bro."

**ANSWER: Defendants denies.**

15.     I began to panic and hyperventilate causing me to pass out and have a seizure and be hospitalized in St. Anthony's for broken bones and possible brain damage. (witness Division 9, Tier 2H, cameras).

**Answer: Defendants admits Plaintiff was taken to St. Anthony's Hospital. Defendant denies the remainder of the allegations in paragraph 15.**

## **AFFIRMATIVE DEFENSES**

Pleading in the alternative, and without prejudice to the denials in their Answer,

Defendants assert the following separate affirmative defenses to Plaintiff's Complaint:

### I. **42 U.S.C. §1997e(a)**

1. The Plaintiff was at all relevant times and the date of filing, a prisoner. Under Section 1997e(a) of the Prisoner Litigation Reform Act, plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

2. Plaintiff alleged he submitted a grievance in his complaint.

3. Plaintiff failed to appeal these alleged grievances.

4. As such, Plaintiff failed to properly exhaust his administrative remedies and therefore his claims are barred.

### II. **42 U.S.C. §1997e(e)**

1. Plaintiff, a prisoner at all times relevant to this lawsuit, has requested damages for physical injuries, pain and suffering.

2. Section 1997e(e) of the Prisoner Litigation Reform Act (42 U.S.C. § 1997e(e)) ("PLRA") provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury that is greater than *de minimis* or the commission of a sexual act (as defined in Section 2246 of Title

18 of the U.S. Code.

3. Plaintiff cannot show a physical injury that is greater than *de minimis* and, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

### III. **Qualified Immunity**

1. The conduct of the Defendants was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

2. Accordingly, Defendants is entitled to the defense of qualified immunity.

### IV. **Failure to Mitigate**

1. At all relevant times, Plaintiff owed a duty to take reasonable measures to mitigate his alleged injuries and damages.

2. Defendants reserves the right to add additional affirmative defenses as they become known through the course of litigation.

### V. **Tort Immunity**

1. To the extent Plaintiff alleges any supplemental state law claims; the Defendants acted neither willfully nor wantonly toward Plaintiff at any time.

2. Therefore, the Defendants are shielded from suit under the Illinois Tort Immunity Act. *See*, 745 ILCS 10/2-202.

### **JURY DEMAND**

Defendant hereby demands a trial by jury.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order (a) dismissing Plaintiff's Complaint with prejudice;

(b) assessing their costs against Plaintiff; and

(c) providing them with any other necessary and just relief.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:    *Robin Williams*
Robin Williams
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Robin.Williams@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Robin Williams, Assistant State's Attorney, certify that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), I electronically filed the above Status Report and caused it to be served on the Plaintiff via the CM/ECF system on August 8, 2022, and by depositing it in the U.S. Mail on the person listed below on the same date.

Niameh A. Tyehimba #20201106122
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

*Robin Williams*
Robin Williams