UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIAMEH A. TYEHIMBA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-01139 |
| | ) | |
| vs. | ) | Judge Mary M. Rowland |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Cook County D.O.C., | ) | |
| C.O. Ms. Gondek, | ) | |
| C.O. Mr. Lewis, CCDOC Medical staff, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Officer Gondek and Officer Lewis ("Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistants, Robin Clayton and Krystal Gonzalez, pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully move this Court to Dismiss Plaintiff's Second Amended Complaint with prejudice. In support of this Motion, Defendant state the following:

### STATEMENT OF FACTS

The following facts are taken from Plaintiff' First Amended Complaint and are presumed true solely for the purposes of this Motion. On February 12, 2022, Plaintiff alleged Defendant Gondek slammed his hand in the chuckhold. (Dkt No. 42 ¶ 9-13). Plaintiff also claimed that Defendant Lewis denied him access to medical treatment. (Dkt No. 42 ¶ 19-22). Plaintiff began to hyperventilate and had a seizure. (Dkt No. 42 ¶ 24-25).

### LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss should be granted if, taking well-pleaded allegations of the complaint as true, the facts plausibly suggest a right to relief. *McCauley v. City of Chi.*, 671

F.3d 611, 618 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must draw all reasonable inferences in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The plaintiff's factual allegations must plausibly suggest the plaintiff is entitled to relief, "raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). A "plaintiff's obligation to provide the 'grounds' of her 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008).

## ARGUMENT

I.  **COOK COUNTY DOC IS A NON-SUABLE ENTITY**

Cook County DOC ("CCDOC") should be dismissed because it is a non-suable entity. A defendant must have a legal existence, either natural or artificial, to be subject to a lawsuit. *Gilbert v. Ross,* No. 09-cv-2339, 2010 U.S. Dist. LEXIS 2312, at 5* (N.D. Ill. Jan. 11, 2010). A defendant must have legal existence separate from its governing body in order to be suable itself. *Peters v. SSA,* (C.D. Ill. Nov. 13,2018). Departments within a governing unit lack the necessary separate legal existence. *See Tate v. Cook County Sheriff's Merit Bd.,* 2007 U.S. Dist. Lexis 74925, 2007 WL 2962785, at *2 (N.D. Ill. Oct. 4, 2007) ("[s]ection 7001 identifies the Cook County Police Department as a division maintained by the sheriff * * * the hallmark of nonsuability because the Department is thus not a separate legal entity").

CCDOC "does not enjoy a separate legal existence from Cook County it is not a suable entity"). *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill.1979). Illinois law has established that "CCDOC is merely a department "created within the office of the Sheriff [of Cook County],"

Ill.Rev.Stat. ch. 34, para. 3-15002 (1991); that its powers and duties are exercised "under the direction of the Sheriff," Id. para. 3-15003." *Larsen v. Leak*, No. 90 C 7289, 1992 U.S. Dist. LEXIS 229, at *3 (N.D. Ill. Jan. 8, 1992). Therefore, Plaintiff's claims against CCDOC are claims against a non-suable entity and should be dismissed.

### II. CCDOC MEDICAL STAFF DOES NOT EXIST AND SHOULD BE DISMISSED

Plaintiff has sued CCDOC Medical Staff, however CCDOC Medical Staff does not exist. As previously argued, CCDOC is a non-suable entity. Additionally, all medical personals at Cook County Jail are employees of Cermak. "Cook County Health and Hospital System, also known as Cermak Health Services ("Cermak"), provides on-site routine and emergency medical care to pre-trial detainees at Cook County Jail." *Taylor v. Dart*, No. 18-CV-1078, 2022 U.S. Dist. LEXIS 174775, at *6 (N.D. Ill. Sep. 27, 2022). Cermak is a non-suable entity that lacks legal existence outside its owner Cook County. *See Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001) (finding Cermak Health Systems has no legal existence and therefore is not a suable entity); *see also Wright v. Dart*, 12 C 2553, 2012 U.S. Dist. LEXIS 62575, at * 2 (N.D. Ill. May 2, 2012) (Norgle, J.) ("Cermak, however, is simply a part of Cook County").

Moreover, the Illinois Supreme Court held that Cook County Sheriff and Cook County are separate entities. *See Moy v. Cnty. of Cook*, 159 Ill. 2d 519 (1994). Cermak is a division of the Cook County Health and Hospitals System pursuant to Article V of the Cook County Code of Ordinances, entitled Cook County Health and Hospitals System, and established by state law and County home rule pursuant, in part, to Article VII of the Illinois Constitution, 55 ILCS 5/5-37001 et seq. and 55 ILCS 5/5-1005(6). 55 ILCS 5/5-37001 et seq. and 55 ILCS 5/5-1005(6). Cook County Sheriff and CCDOC does not, by County ordinance, control Cermak, its employees, or the medical care that they administer. *Id*.

As a result, Cermak and its medical employees are a separate entity from CCDOC. *See Boyce v. Moore*, 314 F.3d 884, 887 n.1 (7th Cir. 2002) ("Cermak is a separate entity from CCDOC and an extension of Cook County Hospital"). Thus, CCDOC Medical Staff does not exist. Therefore, CCDOC Medical Staff is a non-existing and non-suable entity that should be dismissed.

### III. IN THE ALTERNATIVE, PLAINTIFF FAILED TO ALLEGE SUFFICIENT FACTS AGAINST CCDOC MEDICAL STAFF TO STATE A CLAIM

Even if CCDOC Medical Staff was a suable entity, Plaintiff failed to allege sufficient facts to state a claim. A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Section 1983 liability is premised the defendant's *Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* Plaintiff only alleged that CCDOC Medical Staff is employed by Cook County. (Dkt No. 42 ¶ 8).

Here, Plaintiff failed to allege any facts that medical staff violated Plaintiff's constitutional rights. Simply naming CCDOC Medical Staff in the Complaint without any facts to show personal involvement in Plaintiff's medical care is insufficient to establish a Section 1983 claim and these Defendants should be dismissed. *See Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994) ("[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption," the defendant is properly dismissed). Therefore, CCDOC Medical Staff should be dismissed.

### CONCLUSION

WHEREFORE, Defendants respectfully request that this Court dismiss CCDOC and CCDOC Medical Staff. Defendants further request any other relief this Court deems just and proper.

          Respectfully Submitted,
          KIMBERLY M. FOXX
          State's Attorney of Cook County

By: */s/ Robin Clayton*
   Robin Clayton
   */s/ Krystal Gonzalez*
   Krystal Gonzalez
   Assistant State's Attorney
   Richard J. Daley Center
   50 West Washington, Room 500
   Chicago, IL 60602
   (312) 603-4370

## CERTIFICATE OF SERVICE

  Robin Clayton hereby certifies that, in accordance with FED. R. CIV. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served pursuant to the District Court's ECF system as to ECF filers on June 26, 2023.

          */s/ Robin Clayton*
          Robin Clayton