UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIAMEH A. TYEHIMBA, | ) | |
| | ) | Case No. 22-cv-01139 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Judge Mary M. Rowland |
| vs. | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Cook County D.O.C., | ) | |
| C.O. Ms. Gondek, | ) | |
| C.O. Mr. Lewis, CCDOC Medical Staff, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Officer Gondek and Officer Lewis, (collectively "Defendants") by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, Krystal Gonzalez and Robin Williams, answer Plaintiff's Amended Complaint as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983, to redress the deprivation under the color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER: Defendants admit that this Court has jurisdiction pursuant to 42 U.S.C. § 1983. Defendants deny any liability or wrongdoing.**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplementary jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER: Defendants admit that this Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Defendants deny that this Court has jurisdiction pursuant to 28 U.S.C. § 1367 and deny any liability or wrongdoing.**

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiffs' claims occurred in Chicago, Illinois, located in the Northern District.

**ANSWER: Defendants admit only that Plaintiff has cited to the statute providing jurisdiction/venue and denies any merit of Plaintiff's claim**

4. Plaintiff, NIAMEH A. TYEHIMBA, is an inmate at the Cook County Department of Corrections located in Cook County, Illinois.

**ANSWER: Defendants deny.**

5. Defendant Cook County D.O.C. is a duly incorporated municipal corporation and local public entity under the laws of the State of Illinois and is the employer and principal of the individual defendants.

**ANSWER: Defendants deny.**

6. At all times relevant hereto, Defendant, C.O. Ms. Gondek, was employed by Cook County and operates in her official capacity as the Cook County Corrections Officer. She is sued in her official capacity. She is responsible for the caretaking of inmates at Cook County Department of Corrections.

**ANSWER: Defendants admit.**

7. At all times relevant hereto, Defendant, C.O. Mr. Lewis, was employed by Cook County and operates in his official capacity as the Cook County Corrections Officer. He is sued in his official capacity. He is responsible for the caretaking of inmates at Cook County Department of Corrections.

**ANSWER: Defendants admit.**

8. At all times relevant hereto, Defendant, CCDOC Medical staff, were employed by Cook County and operates in their official capacity as the Medical Staff. Unnamed Defendants of CCDOC Medical staff are sued in their official capacity. They are responsible for the caretaking of inmates at Cook County Department of Corrections in the Medical Areas of the Department of Corrections.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

## GENERAL ALLEGATIONS AND FACTS

9. On the above date and time February 12, 2022 between 3:30pm and 4:30pm in Division 9, Tier 2H, cell 2058, Plaintiff, NIAMEH A. TYEHIMBA, was an inmate located at the Cook County Department of Corrections.

**ANSWER: Defendants admit.**

10. At that date and time, Plaintiff NIAMEH A. TYEHIMBA experienced a traumatic event, where Plaintiff had her left hand placed outside the chuckhold for blanket exchange.

**ANSWER: Defendants lack information, knowledge or belief as to the allegations in paragraph 10 and therefore denies.**

11. Prior to that Plaintiff's cell was raided all blankets and sheets were confiscated except for one.

**ANSWER: Defendants admit there was a raid on February 12, 2022.**

12. Plaintiff attempted to try to explain her situation to the deputy doing laundry (name unknown) and attempt to get more blankets.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants lack information, knowledge or belief as to the allegations in paragraph 12 and therefore denies.**

13. Defendant, C/O Ms. Gondek, began to walk up to Plaintiff's cell door and proceeded closing and slamming Plaintiff's hand in the chuckhold while the other officer doing laundry (name unknown) tried to help her do so.

**ANSWER: Defendants deny.**

14. Plaintiff screamed and yelled "please stop you are hurting me!"

**ANSWER: Defendants lack information, knowledge, or belief as to the allegations in paragraph 14 and therefore denies them.**

15. Plaintiff recited this over and over until, Defendant, C/O Ms. Gondek began to twist and turn Plaintiff's fingers in odd and unusual ways that were very painful and unbearable.

**ANSWER: Defendants deny.**

16. Then Plaintiff saw and felt Defendant Gondek snap and break Plaintiff's little finger.

**ANSWER: Defendants deny.**

17. Defendant, C/O Ms. Gondek saw Plaintiff's finger break, knew it was broken as well Defendant, C/O Ms. Gondek stated "see what you made me do you stupid nigger!"

**ANSWER: Defendants deny.**

18. Finally, after an unknown amount of time of the situation occurring to Plaintiff and his cellmate, last name, HIBBLER, ID# unknown, was a witness to the whole situation, he told Plaintiff to remain calm and helped Plaintiff onto my bunk.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants lack information, knowledge, or belief as to the allegations in paragraph 18 and therefore denies.**

19. Few minutes later Plaintiff and his cell mate were let out for dayroom, Plaintiff informed Defendant, C/O Mr. Lewis, that Plaintiff needed urgent care that Plaintiff was in a lot of pain and summarized what happened to Plaintiff to him.

**ANSWER: Defendants deny.**

20. Defendant, C/O Mr. Lewis, stated "please back up, you'll have to wait until med-pass."

**ANSWER: Defendants deny.**

21. Plaintiff stated "please help me I am in a lot pain and feel very faint also my vision is distorted ."

**ANSWER: Defendants lack information, knowledge or belief as to the allegations in paragraph 21 and therefore denies them.**

22. Defendant, C/O Mr. Lewis, went and sat down.

**ANSWER: Defendants deny.**

23. Plaintiff called him back to help me and Defendant, CO Mr. Lewis, stated "I can't help you bro."

**ANSWER: Defendants deny.**

24. Plaintiff began to panic and hyperventilate, because of the pain that he was in regarding his broken finger.

**ANSWER: Defendants deny.**

25. Plaintiff passed out, had a seizure, and was transferred to and hospitalized at St. Anthony's for broken bones and possible brain damage. (Witness Division 9, Tier 2H, cameras).

**ANSWER: Defendants admit Plaintiff was taken to St. Anthony's Hospital and deny the remainder of the allegations in paragraph 25.**

**COUNT I**
**42 U.S.C. § 1983**
**(Fourth and Fourteenth Amendments – Excessive Force)**
**Against Defendants, Cook County D.O.C, C.O. Ms. Gondek, and C.O. Mr. Lewis**

26. Plaintiff repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

27. As described above, Defendant, C.O. Ms. Gondek, C.O. Mr. Lewis, and Cook County D.O.C. through its agent, C.O. Gondek used excessive force against Plaintiff on February 12, 2022 without provocation and without justification. Defendant, Cook County D.O.C. unnamed employee doing laundry and other unnamed agents of Defendant Cook County D.O.C., also failed to intervene to stop C.O. Gondek from using excessive force when she shut the door/chuckhold injuring Plaintiff's finger.

**ANSWER: Defendants deny.**

28. Later, Neither Defendants, C.O. Gondek and C.O. Lewis, individually, and as agents of Cook County D.O.C. cared for the Plaintiff while he was in grave pain, where it got to the point that Plaintiff hyperventilated and later passed out causing him to end up in the hospital.

**ANSWER: Defendants deny.**

29. The actions of Defendant, C.O. Gondek, individually and as an agent of Cook County D.O.C. along with the unnamed employee doing laundry, were performed under the color of state law, and violated Plaintiff's rights under the fourteenth Amendment to the United States Constitution.

**ANSWER: Defendants deny.**

30. Defendants had a realistic opportunity to do something to prevent further harm from occurring and failed to take reasonable steps to prevent said harm.

**ANSWER: Defendants deny.**

31. The acts of excessive force by the Defendant, C.O. Gondek, individually and as an agent of Cook County D.O.C. along with the unnamed employee doing laundry, against the Plaintiff were the direct and proximate cause of serious and ongoing physical injuries and mental distress and anguish to the Plaintiff.

**ANSWER: Defendants deny.**

32. The conduct of Defendant, C.O. Gondek, individually and as an agent of Cook County D.O.C. along with the unnamed employee doing laundry, was willful and exhibited a flagrant disregard for Plaintiff's federally secured due process rights.

**ANSWER: Defendants deny.**

33.     The actions and omissions of said Defendants were undertaken either with the intent to deprive the Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution or in willful and reckless disregard of said rights.

**ANSWER: Defendants deny.**

34.     The misconduct described above was undertaken pursuant to the policy and practice of Defendants, Cook County D.O.C. and C.O. Gondek in that:

(a)     As a matter of both policy and practice, the Cook County D.O.C. directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference.

(b)     As a matter of both policy and practice, the Cook County D.O.C. facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Cook County D.O.C.'s officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuse such as those directed at Plaintiff.

(c)     As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Cook County D.O.C. abuse inmates in a manner similar to that alleged by the Plaintiff in this count; yet the Cook County D.O.C. makes findings of wrongdoing in a disproportionately small number of cases, if any.

(d)     Policy-makers of the Defendants, Cook County D.O.C. and C.O Gondek, are aware of, and condone and facilitate by their inaction, a "code of silence" in the Cook County D.O.C., by which officers fail to report misconduct committed by other officers, such as the conduct at issue in this case.

(e)     Defendant Cook County D.O.C. have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER: Defendants deny the allegations in paragraph 34 and its subparts (a) through (f).**

35.     As a proximate result of the actions and omissions of the Defendants, and each of them, the Plaintiff, NIAMEH A. TYEHIMBA, suffered physical injuries, physical pain, humiliation and mental anguish, has become liable for large sums for medical care and attention and has lost financial gains he otherwise would have acquired.

**ANSWER: Defendants deny.**

36. Accordingly, Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

**ANSWER: Defendants deny.**

<h2 style="text-align:center">COUNT II<br>42 U.S.C. § 1983.<br>Niameh A. Tyehimba against Defendants Cook County D.O.C, C.O. Ms. Gondek, and C.O. Mr. Lewis</h2>

<h3 style="text-align:center"><u>DEFENDANTS INACTION AFTER INJURING PLAINTIFF'S HAND CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FOURTEENTH AMENDMENT</u></h3>

37. Plaintiff, NIAMEH A. TYEHIMBA, repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

38. Plaintiff, NIAMEH A. TYEHIMBA, has been in custody under conditions that pose a substantial risk of serious harm to his health and safety and denied the minimal civilized measure of life's necessities.

**ANSWER: Defendants deny.**

39. On information and belief, at all relevant times, Defendants, C.O. Ms. Gondek, and C.O. Mr. Lewis, individually and agents of Defendant, Cook County D.O.C., were responsible for the care and humane treatment of inmates at Cook County D.O.C. Defendants were also responsible for the taking care of Plaintiff by getting necessary treatment and health care to the inmates at Cook County D.O.C.

**ANSWER: Defendants deny.**

40. At all relevant times, Defendant, Cook County D.O.C., was responsible for the care and humane treatment of detainees at Cook County D.O.C. Defendant was also responsible for the taking care of Plaintiff by getting necessary treatment and health care to the inmates at Cook County D.O.C.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

41. Defendants, C.O. Ms. Gondek, and C.O. Mr. Lewis, individually and agents of Defendant, Cook County D.O.C. implemented and maintained policies and practices that cause the subhuman medical care and conditions described above. Specifically, defendants implemented and maintained a policy of not calling for medical attention for clearly injured individuals at Cook County D.O.C. after injury, and subsequently denying detainees medical treatment for the injuries they developed as a result.

**ANSWER: Defendants deny.**

42. Defendants, C.O. Ms. Gondek, and C.O. Mr. Lewis, individually and agents of Defendant, Cook County D.O.C. received and are aware of complaints from Plaintiff and others regarding the lack of medical treatment and lack of care for inmates. However, defendants continued the inhumane policy and procedure of inaction after injuries to inmates after injuries occurred by their agents and employees of Cook County D.O.C.

**ANSWER: Defendants deny.**

43. Defendants, C.O. Ms. Gondek, and C.O. Mr. Lewis, individually and agents of Defendant, Cook County D.O.C., as wardens of Cook County D.O.C., were aware of the Plaintiff's complaints for proper medical care after his injury.

**ANSWER: Defendants deny.**

44. Despite this knowledge, the Defendants, C.O. Ms. Gondek, and C.O. Mr. Lewis, individually and agents of Defendant, Cook County D.O.C., displaced deliberate indifference to hazardous conditions and to plaintiff's medical condition and needs by, among other items:

    a. Ignoring, delaying and disregarding plaintiff's request for medical treatment for his serious medical needs, including his broken finger, extreme pain causing

lightheadedness and his eventual seizure after his finger was broken when Defendant, C.O. Gondek closed a door/chuckhold on his finger.

    b.    Ignoring, delaying and disregarding plaintiff's request for medical treatment for his serious medical needs, including his broken finger, extreme pain causing lightheadedness and his eventual seizure after his finger was broken when Defendant, C.O. Lewis ignored the Plaintiff after C.O Gondek closed the door/chuckhold on his finger.

**ANSWER: Defendants deny the allegations in paragraph 44 and its subparts (a) through (b).**

45.    As a result of the foregoing, plaintiff has suffered unreasonable and unnecessary pain and suffering.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

46.    Accordingly, Defendants C.O. Lewis, C.O. Gondek, and Cook County D.O.C. are liable to Mr. Griffin under 42 U.S.C. § 1983.

**ANSWER: Defendants deny.**

### COUNT III
### (State Law Battery)
### Against Defendants, Cook County D.O.C. and C.O. Ms. Gondek

47.    Plaintiff repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

48.    On February 12, 2022, Defendants, Cook County D.O.C. and C.O. Ms. Gondek, used excessive and unreasonable physical force on the Plaintiff without justification, causing a severe injuries.

**ANSWER: Defendants deny.**

49. At the time and place aforesaid, Defendants, Cook County D.O.C. and C.O. Ms. Gondek, were acting as duly authorized agents and servants of the Defendant, Cook County D.O.C., at the control and direction of said Defendants, in the scope of course of their employment for said Defendants and for the benefit of the said Defendants.

**ANSWER: Defendants deny.**

50. Defendants, Cook County D.O.C., authorized and ratified the aforesaid acts of Defendant, and C.O. Ms. Gondek and an unnamed person doing laundry.

**ANSWER: Defendants deny.**

51. As a direct and proximate result of the aforesaid acts by the aforesaid by Defendant, Cook County D.O.C., Defendant, C.O. Ms. Gondek, acting as duly-authorized agents of the Defendant, Cook County D.O.C., the Plaintiff sustained injuries; has lost and will lose in the future financial gains which he otherwise would have made and acquired; and has been and will be kept from attending to his ordinary affairs, and will be liable for ongoing and future medical expenses.

**ANSWER: Defendants deny.**

## COUNT IV
### (State Law Willful and Wanton)
### Against Defendants, Cook County D.O.C., C.O. Ms. Gondek, C.O. Mr. Lewis

52. Plaintiff repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

53. At all relevant times, the Defendants had a duty to refrain from willful and wanton misconduct which would endanger the safety of the Plaintiff.

**ANSWER: Defendants deny.**

54. At the time and place aforesaid, Defendants, C.O. Ms. Gondek and C.O. Mr. Lewis, were acting as duly authorized agents and servants of the Defendant, Cook County D.O.C., at the control and direction of said Defendants, in the scope of course of their employment for said Defendants and for the benefit of the said Defendants.

**ANSWER: Defendants deny.**

55. Defendants, C.O. Ms. Gondek and C.O. Mr. Lewis, as agents of Defendants, Cook County D.O.C., violated their duty and committed willful and wanton misconduct against Plaintiff by using excessive, unjustified force likely to cause severe injury against Plaintiff while Plaintiff was suffering from a medical condition, which was ignored by the defendants.

**ANSWER: Defendants deny.**

56. As a direct and proximate result of the aforesaid acts by the aforesaid by Defendants, C.O. Ms. Gondek and C.O. Mr. Lewis, acting as duly-authorized agents of the Defendants, Cook County D.O.C., the Plaintiff sustained injuries; has lost and will lose in the future financial gains which he otherwise would have made and acquired; and has been and will be kept from attending to his ordinary affairs, and will be liable for ongoing and future medical expenses.

**ANSWER: Defendants deny.**

### COUNT V
### (Indemnification against Cook County D.O.C.)

57. Plaintiff repeats the allegations in paragraphs 1 through 56 as if fully set forth herein.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

58. Pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/5-1106, Defendant Cook County D.O.C. D.O.C. is empowered and directed to pay any tort judgment for compensatory damages (and any

associated attorneys' fees and costs) for which an independently elected or appointed Cook County officers, such as Defendant C.O. Gondek, C.O. Lewis or their deputies/colleagues acting within the scope of their employment is found liable.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

59. Defendant Cook County D.O.C. is liable for any judgment rendered against Defendants, C.O. Gondek, C.O. Lewis, unnamed employees doing laundry or their deputies/colleagues for compensatory damages and associated attorneys' fees and costs.

**ANSWER: The above allegations are not directed towards the Defendants Officers Gondek or Officer Lewis, Defendants therefore contend that an answer is not required. Insofar as an answer is required, Defendants deny.**

## AFFIRMATIVE DEFENSES

Pleading in the alternative, and without prejudice to the denials in their Answer, Defendants assert the following separate affirmative defenses to Plaintiff's Complaint:

### I. 42 U.S.C. §1997e(a)

1. The Plaintiff was at all relevant times and the date of filing, a prisoner. Under Section 1997e(a) of the Prisoner Litigation Reform Act, plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

2. Plaintiff alleged he submitted a grievance in his complaint.

3. Plaintiff failed to appeal these alleged grievances.

4. As such, Plaintiff failed to properly exhaust his administrative remedies and therefore his claims are barred.

## II. 42 U.S.C. §1997e(e)

1. Plaintiff, a prisoner at all times relevant to this lawsuit, has requested damages for physical injuries, pain and suffering.

2. Section 1997e(e) of the Prisoner Litigation Reform Act (42 U.S.C. § 1997e(e)) ("PLRA") provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury that is greater than *de minimis* or the commission of a sexual act (as defined in Section 2246 of Title 18 of the U.S. Code. 3. Plaintiff cannot show a physical injury that is greater than *de minimis* and, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

## III. Qualified Immunity

1. The conduct of the Defendants was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

2. Accordingly, Defendants is entitled to the defense of qualified immunity.

## IV. Failure to Mitigate

1. At all relevant times, Plaintiff owed a duty to take reasonable measures to mitigate his alleged injuries and damages.

2. Defendants reserves the right to add additional affirmative defenses as they become known through the course of litigation.

## V. Tort Immunity

1. To the extent Plaintiff alleges any supplemental state law claims; the Defendants acted neither willfully nor wantonly toward Plaintiff at any time.

2. Therefore, the Defendants are shielded from suit under the Illinois Tort Immunity Act. *See*, 745 ILCS 10/2-202.

## JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order (a) dismissing Plaintiff's Complaint with prejudice;

(b) assessing their costs against Plaintiff; and

(c) providing them with any other necessary and just relief.

                                      Respectfully Submitted,

                                      KIMBERLY M. FOXX
                                      State's Attorney of Cook County

By:    */s/ Krystal Gonzalez*
           Krystal Gonzalez
           Assistant State's Attorney
           500 Richard J. Daley Center
           Chicago, IL 60602
           (312) 603-8132
           krystal.gonzalez@cookcountyil.gov

**CERTIFICATE OF SERVICE**

  I, Krystal Gonzalez, Assistant State's Attorney, certify that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), I electronically filed the above Answer and caused it to be served on the Plaintiff via the CM/ECF system on June 27, 2023, and by depositing it in the U.S. Mail on the person listed below on the same date.

| | |
|---|---|
| Niameh A. Tyehimba #Y55279 | */s/ Krystal Gonzalez* |
| Vandalia Correctional Center | Krystal Gonzalez |
| P.O. Box 500 | |
| Vandalia IL, 62471 | |