UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIAMEH A. TYEHIMBA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-01139 |
| | ) | |
| vs. | ) | Judge Mary M. Rowland |
| | ) | Magistrate Judge Sheila M. Finnegan |
| COOK COUNTY, COOK COUNTY CORRECTIONAL OFFICER GONDEK, COOK COUNTY CORRECTIONAL OFFICER K. LEWIS #18588, and THOMAS J. DART in his official capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Plaintiff, NIAMEH A. TYEHIMBA, by and through his attorneys, FAKLIS, TALLIS & MEAD, PC, and complaining of the Defendants, COOK COUNTY, COOK COUNTY CORRECTIONAL OFFICER GONDEK, COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, and THOMAS J. DART in his official capacity, and alleges and states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the Constitution of the United States to redress the deprivation under the color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplementary jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiffs' claims occurred in Chicago, Illinois, located in the Northern District.

## PARTIES

4. Plaintiff, NIAMEH A. TYEHIMBA, was previously inmate at the Cook County Department of Corrections located in Cook County, Illinois. He is currently in the custody of the Illinois Department of Corrections.

5. Defendant COOK COUNTY is the public entity and duly incorporated municipal corporation responsible for the Cook County Jail and is joined in this action pursuant to Carver v. Sheriff of LaSalle County 145 Ill.2d R.20 (7th Cir. 2003) and pursuant to respondeat superior for Plaintiff's state law claims.

6. At all times relevant hereto, Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, was employed by Cook County and by Defendant, THOMAS J. DART, Sheriff of Cook County, as a Correctional Officer for the Cook County Sheriff's Department. As such, Defendant GONDEK was acting under the color of state law.

7. At all times relevant hereto, Defendant, COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, was employed by Cook County and by Defendant, THOMAS J. DART, Sheriff of Cook County as a Correctional Officer for the Cook County Sheriff's Department. As such, Defendant LEWIS was acting under the color of state law.

8. At all times relevant hereto, Defendant, THOMAS J. DART, was employed as the Sheriff of Cook County and had the responsibility and authority to ensure that Plaintiff was not denied due process, to ensure that Plaintiff lived under humane conditions free from unreasonable

risk of injury and was provided necessary medical treatment and was responsible for the hiring, training and supervision of all deputies and officers of the Cook County Sheriff's Department.

**GENERAL ALLEGATIONS AND FACTS**

9. On or about February 12, 2022 between 3:30pm and 4:30pm in Division 9, Tier 2H, cell 2058, Plaintiff, NIAMEH A. TYEHIMBA, was an inmate located at the Cook County Department of Corrections.

10. At aforementioned time and place, Plaintiff, NIAMEH A. TYEHIMBA, experienced a traumatic event, where Plaintiff had her left hand placed outside the chuckhold for blanket exchange.

11. Prior to the traumatic incident described above, Plaintiff NIAMEH A. TYEHIMBA's cell was raided all blankets and sheets were confiscated except for one.

12. At the aforementioned time and place, Plaintiff, NIAMEH A. TYEHIMBA, attempted to explain his situation to the deputy doing laundry (name unknown) and attempt to get more blankets.

13. At the aforementioned time and place, Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, began to walk up to Plaintiff's cell door and proceeded closing and slamming Plaintiff's hand in the chuckhold while the other officer doing laundry (name unknown) tried to help her do so.

14. At the aforementioned time and place, Plaintiff, NIAMEH A. TYEHIMBA, screamed and yelled "please stop you are hurting me!"

15. At the aforementioned time and place, Plaintiff, NIAMEH A. TYEHIMBA, continued to scream that he was hurt as Defendant, COOK COUNTY CORRECTIONAL

OFFICER GONDEK, began to twist and turn Plaintiff's fingers in odd and unusual ways that were very painful and unbearable.

16. At the aforementioned time and place, Plaintiff, NIAMEH A. TYEHIMBA, saw and felt Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, snap and break Plaintiff's little finger.

17. Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, saw Plaintiff's finger break, knew it was broken and Defendant Gondek stated "see what you made me do you stupid nigger!"

18. Subsequent to the aforementioned injury, Plaintiff's cellmate, HIBBLER, told Plaintiff to remain calm and helped Plaintiff onto his bunk.

19. Some minutes after the aforementioned incident, Plaintiff, NIAMEH A. TYEHIMBA, and his cell mate were let out for dayroom. Plaintiff then informed Defendant, COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, that Plaintiff needed urgent care that Plaintiff was in a lot of pain and summarized what had happened.

20. Defendant, COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, then stated "please back up, you'll have to wait until med-pass."

21. Plaintiff, NIAMEH A. TYEHIMBA, then stated "please help me I am in a lot of pain and feel very faint also my vision is distorted."

22. Defendant, COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, then went and sat down.

23. Plaintiff NIAMEH A. TYEHIMBA, then called Defendant Lewis back to ask for help and Defendant Lewis stated "I can't help you bro."

4

24. Plaintiff, NIAMEH A. TYEHIMBA, then began to panic and hyperventilate, because of the pain that he was in regarding his broken finger.

25. Plaintiff, NIAMEH A. TYEHIMBA, then passed out, had a seizure, and was transferred to and hospitalized at St. Anthony's for broken bones and possible brain damage.

## COUNT I
## 42 U.S.C. § 1983
### (Eighth and Fourteenth Amendments – Excessive Force and Failure to Intervene) Against Defendants Cook County Correctional Officer Gondek, Thomas J. Dart in his official capacity and Cook County

26. Plaintiff repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

27. As described above, Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, used excessive force against Plaintiff on February 12, 2022 without provocation and without justification. Other unnamed employees of COOK COUNTY, including unnamed employee assisting with laundry, failed to intervene to stop Defendant Gondek from using excessive force when she shut the door/chuckhold injuring Plaintiff's finger.

28. The actions of Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, along with the unnamed employee doing laundry, were performed under the color of state law, and violated Plaintiff's rights under Eighth and the Fourteenth Amendment to the United States Constitution.

29. Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, had a realistic opportunity to do something to prevent further harm from occurring and failed to take reasonable steps to prevent said harm.

30. The acts of excessive force by the Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, along with the unnamed employee doing laundry,

5

against the Plaintiff were the direct and proximate cause of serious and ongoing physical injuries and mental distress and anguish to the Plaintiff.

31. The conduct of Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, along with the unnamed employee doing laundry, was willful and exhibited a flagrant disregard for Plaintiff's federally secured due process rights.

32. The actions and omissions of said Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, was undertaken either with the intent to deprive the Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution or in willful and reckless disregard of said rights.

33. The misconduct described above was undertaken pursuant to the policy and practice of Defendants, COOK COUNTY and THOMAS J. DART, in that:

(a) As a matter of both policy and practice, the Defendants directly encourage the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference.

(b) As a matter of both policy and practice, Defendants facilitate the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Defendants' officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuse such as those directed at Plaintiff.

(c) As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Defendants engage in actions similar to those alleged in this Complaint.

(d) Defendants have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

34. As a proximate result of the actions and omissions of the Defendants, and each of them, the Plaintiff, NIAMEH A. TYEHIMBA, suffered physical injuries, physical pain, humiliation and mental anguish, has become liable for large sums for medical care and attention and has lost financial gains he otherwise would have acquired.

35. Accordingly, Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

## COUNT II
## 42 U.S.C. § 1983
### (Eighth and Fourteenth Amendments – Denial of Medical Care)
### Against Defendant, Cook County Correctional Officer Gondek, Cook County Correctional Officer Lewis, Thomas J. Dart, in his official capacity, and Cook County

36. Plaintiff, NIAMEH A. TYEHIMBA, repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

37. Plaintiff, NIAMEH A. TYEHIMBA, has been in custody under conditions that pose a substantial risk of serious harm to his health and safety and denied the minimal civilized measure of life's necessities.

38. On information and belief, at all relevant times, Defendants, COOK COUNTY CORRECTIONAL OFFICER GONDEK and COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, were responsible for the care and humane treatment of inmates at Cook County Jail Defendants were also responsible for the taking care of Plaintiff by getting necessary treatment and health care to the inmates at Cook County Jail.

39. As described more fully above, Defendants had notice of Plaintiff, NIAMEH A. TYEHIMBA's serious medical need involving fractured bones causing him extreme pain and anxiety and resulting in distorted vision, feeling faint, difficulty breathing and the onset of a seizure. Yet, Defendants failed to provide Plaintiff with necessary medical attention, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

40. As a result of the unjustified and unconstitutional conduct of the Defendants, the Plaintiff, NIAMEH A. TYEHIMBA, experienced pain, suffering, emotional distress and injury.

41. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

42. Alternatively, Defendants were deliberately indifferent to the Plaintiff, NIAMEH A. TYEHIMBA's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of others.

43. The misconduct described above was undertaken pursuant to the policy and practice of Defendants, COOK COUNTY and THOMAS J. DART, in that:

(a) As a matter of both policy and practice, the Defendants directly encourage the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference.

(b) As a matter of both policy and practice, Defendants facilitate the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Defendants' officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuse such as those directed at Plaintiff.

(c) As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Defendants engage in actions similar to those alleged in this Complaint.

(d) Defendants have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

44. As a proximate result of the actions and omissions of the Defendants, and each of them, the Plaintiff, NIAMEH A. TYEHIMBA, suffered physical injuries, physical pain, humiliation and mental anguish, has become liable for large sums for medical care and attention and has lost financial gains he otherwise would have acquired.

45. Accordingly, Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

## COUNT III
### (State Law Battery)
**Against Defendants Cook County Correctional Officer Gondek, Thomas J. Dart, in his official capacity, and Cook County**

46. Plaintiff repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

47. On February 12, 2022, Defendant, COOK COUNTY CORRECTOINAL OFFICER GONDEK, used excessive and unreasonable physical force on the Plaintiff without justification, causing a severe injuries.

48. On February 12, 2022 and at the time referenced in the allegations above, Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, was acting as duly authorized agent and servant of the Defendant, THOMAS J. DART, at the control and direction of said Defendant, THOMAS J. DART, in the scope of course of her employment for said Defendant and for the benefit of the said Defendant.

49. Defendant, THOMAS J. DART, authorized and ratified the aforesaid acts of Defendant Gondek.

50. On February 12, 2022 and at the time referenced in the allegations above, Defendant, COOK COUNTY CORRECTIONAL OFFICER GONDEK, was acting as duly authorized agent and servant of the Defendant, COOK COUNTY, at the control and direction of said Defendant, COOK COUNTY, in the scope of course of her employment for said Defendant and for the benefit of the said Defendant.

51. Defendant, COOK COUNTY, authorized and ratified the aforesaid acts of Defendant Gondek.

52. As a direct and proximate result of the aforesaid acts by Defendants, COOK COUNTY CORRECTIONAL OFFICER GONDEK, acting as a duly-authorized agent of the Defendants, THOMAS J. DART and COOK COUNTY, the Plaintiff sustained severe and painful injuries, emotional distress, pain and suffering, has been and will be kept from attending to his ordinary affairs, and will be liable for ongoing and future medical expenses.

**COUNT IV**
**(State Law Negligence)**

**Against Defendants Cook County Correctional Officer Gondek, Cook County Correctional Officer Lewis, Thomas J. Dart, in his official capacity, and Cook County**

53. Plaintiff repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

54. At all relevant times, the Defendants, COOK COUNTY CORRECTIONAL OFFICER GONDEK, COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, THOMAS J. DART and COOK COUNTY, had a duty to use reasonable care to those who are arrested and incarcerated for the preservation of their prisoner's health and life.

55. At all relevant times, the Defendants, THOMAS J. DART and COOK COUNTY, had a duty to properly train and supervise the employees of the Cook County Sheriff's Department at the Cook County Jail, to ensure that they refrained for using excessive force, to ensure that they provided for their prisoner's health with allowing for appropriate medical care and to ensure that proper training, supervision, policies and procedures were in place so that emergency medical needs of prisoners were promptly addressed and not ignored.

56. At time of the conduct described in this Complaint, Defendant Gondek as acting as a duly-authorized agent of Defendant, THOMAS J. DART.

57. At time of the conduct described in this Complaint, Defendant Gondek as acting as a duly-authorized agent of Defendant, COOK COUNTY.

58. At time of the conduct described in this Complaint, Defendant Lewis as acting as a duly-authorized agent of Defendant, THOMAS J. DART.

59. At time of the conduct described in this Complaint, Defendant Lewis as acting as a duly-authorized agent of Defendant, COOK COUNTY.

60. At the time and place aforesaid, the Defendants, COOK COUNTY CORRECTIONAL OFFICER GONDEK, COOK COUNTY CORRECTIONAL OFFICER K

LEWIS #18588, THOMAS J. DART and COOK COUNTY, were then and then guilty of the following negligent acts and/or omission's:

    a. Ignoring, delaying and disregarding plaintiff's request for medical treatment for his serious medical needs, including his broken finger, extreme pain causing lightheadedness and his eventual seizure;

    b. Failing to properly train and supervise employees to identify persons with serious medical needs and to make sure that serious and urgent medical needs are addressed;

    c. Failed to implement training, policies and procedures to ensure that emergency medical needs of prisoners were promptly addressed and not ignored;

    d. Failing to train and supervise correctional officers as to the use of excessive force on prisoners; and

    e. Failing to prevent the defendant from using excessive force on the plaintiff fracturing his finger.

61. As a direct and proximate result of the aforesaid acts by the aforesaid by Defendants, the Plaintiff sustained severe and painful injuries, emotional distress, pain and suffering, has been and will be kept from attending to his ordinary affairs, and will be liable for ongoing and future medical expenses.

## COUNT V
## (State Law Willful and Wanton)
**Against Defendants Cook County Correctional Officer Gondek, Thomas J. Dart, in his official capacity, and Cook County**

62. Plaintiff repeats the allegations in paragraphs 1 through 25 as if fully set forth herein.

63. At all relevant times, the Defendants had a duty to refrain from willful and wanton misconduct which would endanger the safety of the Plaintiff.

64. At time of the conduct described in this Complaint, Defendant Gondek as acting as a duly-authorized agent of Defendant, THOMAS J. DART.

65. At time of the conduct described in this Complaint, Defendant Gondek as acting as a duly-authorized agent of Defendant, COOK COUNTY.

66. At time of the conduct described in this Complaint, Defendant Lewis as acting as a duly-authorized agent of Defendant, THOMAS J. DART.

67. At time of the conduct described in this Complaint, Defendant Lewis as acting as a duly-authorized agent of Defendant, COOK COUNTY.

68. At the time and place aforesaid, the Defendants Gondek and Lewis knew that the plaintiff was in need of immediate medical care and denied him medical care.

69. At the time and place aforesaid, the Defendants, COOK COUNTY CORRECTIONAL OFFICER GONDEK, COOK COUNTY CORRECTIONAL OFFICER K LEWIS #18588, THOMAS J. DART and COOK COUNTY, were then and then guilty of the following willful and wanton acts and/or omission's:

   a. Ignoring, delaying and disregarding plaintiff's request for medical treatment for his serious medical needs, including his broken finger, extreme pain causing lightheadedness and his eventual seizure;

   b. Failing to properly train and supervise employees to identify persons with serious medical needs and to make sure that serious and urgent medical needs are addressed;

   c. Failed to implement training, policies and procedures to ensure that emergency medical needs of prisoners were promptly addressed and not ignored;

   d. Failing to train and supervise correctional officers as to the use of excessive force on prisoners;

   e. Used excessive and unnecessary force on the plaintiff fracturing his finger; and

   f. Failing to prevent the defendant from using excessive force on the plaintiff fracturing his finger.

70. As a direct and proximate result of the aforesaid acts by the aforesaid by Defendants, the Plaintiff sustained severe and painful injuries, emotional distress, pain and

suffering injuries, has been and will be kept from attending to his ordinary affairs, and will be liable for ongoing and future medical expenses.

## COUNT VI
### (Indemnification against Defendant Cook County)

71. Plaintiff repeats the allegations in paragraphs 1 through 70 as if fully set forth herein.

72. Pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/5-1106, Defendant COOK COUNTY, is empowered and directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected or appointed Cook County officers, such as Defendant Gondek and Defendant Lewis or their deputies/colleagues acting within the scope of their employment is found liable.

73. Defendant, COOK COUNT,Y is liable for any judgment rendered against Defendants, Gondek, Lewis and Dart, or their deputies/colleagues for compensatory damages and associated attorneys' fees and costs.

## **JURY DEMAND**

Defendant hereby demands a trial by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, NIAMEH A. TYEHIMBA N, requests that this Court grant him the following relief, jointly and severally against the named defendants:

(a) Award the Plaintiff, NIAMEH A. TYEHIMBA, compensatory damages in an amount to be determined by the finder of fact of this case;

(b) Award Plaintiff a judgment against Defendants for punitive damages in an amount as may be awarded by the finder of fact upon trial of this case.

(c) Award Plaintiff attorney's fees and costs pursuant to 42 U.S.C. §1988.

(d) Grant such further relief as the Court deems just and proper.

                                              Respectfully submitted,
By:  /s/Michael C. Mead
                                              Faklis, Tallis & Mead, P.C.
                                              35 East Wacker Drive
                                              Suite 2250
                                              Chicago, Illinois 60601
                                              (312) 368-0550
                                              (312) 419-9876 - Fax
                                              Email: mmead@faklisandtallis.com

<u>*CERTIFICATE OF SERVICE*</u>

Plaintiff's attorneys hereby certify that on the 14th day of July, 2023, a copy of **PLAINTIFF'S SECOND AMENDED COMPLAINT,** was filed electronically. Parties may access this filing through the Court's system.

Robin Williams
Krystal Gonzalez
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Robin.Williams@cookcountyil.gov
Krystal.Gonzalez@cookcountyil.gov

<u>/s/Michael C. Mead</u>
Faklis, Tallis & Mead, PC
35 East Wacker Drive
Suite 2250
Chicago, Illinois 60601
(312) 368-0550
(312) 419-9876 - Fax
Email: michael@faklisandtallis.com