**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NIAMEH A. TYEHIMBA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-01139 |
| | ) | |
| vs. | ) | Judge Mary M. Rowland |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Cook County D.O.C., | ) | |
| C.O. Ms. Gondek, | ) | |
| C.O. Mr. Lewis, CCDOC Medical staff, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Sheriff Dart, Officer Gondek, and Officer Lewis ("Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistants, Robin Clayton and Krystal Gonzalez, pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully move this Court to Dismiss Plaintiff's Second Amended Complaint with prejudice. In support of this Motion, Defendants state the following:

**STATEMENT OF FACTS**

The following facts are taken from Plaintiff' First Amended Complaint and are presumed true solely for the purposes of this Motion. On February 12, 2022, Plaintiff alleged Defendant Gondek slammed his hand in the chuckhold. (Dkt No. 49 ¶ 9-13). Plaintiff also claimed that Defendant Lewis denied him access to receive medical treatment. (Dkt No. 49 ¶ 19-22). Plaintiff began to hyperventilate and had a seizure. (Dkt No. 49 ¶ 24-25).

On July 14, 2023, Plaintiff filed his Second Amended Complaint. (Dkt. No. 49). In Count I, Plaintiff alleged an excessive force claim and the theory of failure to intervene against all the Defendants. (Dkt No. 49 ¶ 26-35.) Within Count I, Plaintiff has alleged a *Monell* claim against

Cook County and Defendant Sheriff Dart claiming a gap in policy and widespread practices. (Dkt No. 49 ¶ 43a.) In Count II, Plaintiff alleged a claim of denial of medical care claim against all Defendants. (Dkt No. 49 ¶ 36-45.) In Count III, Plaintiff alleged a claim of battery against all the Defendants Dat, Gondek and Cook County. (Dkt No. 49 ¶ 46-52.) In Count IV, Plaintiff alleged a state court negligent claim against all the Defendants. (Dkt No. 49 ¶ 53-61.) In Count V Plaintiff alleged a willful and wanton claims against Cook County and Defendant Sheriff Dart. (Dkt No. 49 ¶ 62-73.)

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss should be granted if, taking well-pleaded allegations of the complaint as true, the facts plausibly suggest a right to relief. *McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must draw all reasonable inferences in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The plaintiff's factual allegations must plausibly suggest the plaintiff is entitled to relief, "raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). A "plaintiff's obligation to provide the 'grounds' of her 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008).

## ARGUMENT

### I.    COOK COUNTY SHOULD BE DISMISSED

In his Second Amended Complaint, Plaintiff claimed that Cook County is liable pursuant to respondeat superior for Defendants Officers Gondek and Lewis. (Dkt No. 49 ¶ 5.) Plaintiff also

claims that Officers Gondek and Lewis are employed by Cook County. (Dkt No. 49 ¶ 6.) Plaintiff is wrong. The respondeat superior doctrine states that "an employer can be held vicariously liable for the tortious acts of its employees." *Alms v. Baum*, 343 Ill. App. 3d 67, 71, (1st Dist. 2003). To impute the negligence of an agent onto an employer, "such persons must stand in a relation of privity and there is no such thing as imputable negligence except in those cases where such a privity as master and servant or principal and agent exists." *Moy v. County of Cook*, 159 Ill. 2d 519, 524, (1994). Thus, the doctrine of respondeat superior is not applicable absent an employment relationship. *Id.*

Here, there is no employment relationship between Cook County and the Defendants. "Settled precedent holds that an Illinois county is separate from the sheriff's office in that county." *Mitter v. County of Dupage*, No. 13 C 841, 2013 U.S. Dist. LEXIS 159497, at *7 (N.D. Ill. Nov. 7, 2013). Thus, Cook County is not liable for alleged misconduct by sheriff's office employees." *Id.* at *8. *See Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998) ("sheriffs are agents of the county, but they are separate from the county boards to such a degree that the county boards cannot be held liable for their actions under respondeat superior").

Moreover, Plaintiff claimed Cook County is responsible for Cook County Jail. (Dkt No. 49 ¶ 5.) This is false. It is well established that "Cook County Jail is operated by the Cook County Sheriff's Department, which is an entity separate from Cook County." *Shultz v. Dart*, No. 13 C 3641, 2013 U.S. Dist. LEXIS 156546, at *2 (N.D. Ill. Oct. 31, 2013). The Sheriff has "final policymaking authority over the jail." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973 (7th Cir. 2000). Consequently, Cook County is not responsible for Cook County Jail and cannot be held liable for any *Monell* claims against Cook County Jail. *See Willis v. Dart*, No. 21-cv-01295, 2022

3

U.S. Dist. LEXIS 44471, at *18 (N.D. Ill. Mar. 14, 2022) ("thus plaintiff cannot sue Cook County under Monell for "practices, policies, or actions" unrelated to that entity.") Thus, Plaintiff has failed to establish a respondeat superior or *Monell* claims against Cook County. Therefore, Cook County should be dismissed.

## II.     PLAINTIFF FAILED TO ESTABLISH THE THEORY OF FAILURE TO INTERVENE

Plaintiff failed to properly plead failure to intervene theory of liability against Defendant Lewis. "Failure to intervene is merely a theory of liability, not a claim." *Taylor v. Wexford Health Sources, Inc.*, No. 15 C 5190, 2016 U.S. Dist. LEXIS 76341, at *15 (N.D. Ill. June 13, 2016). To establish a failure to intervene theory, Plaintiff must "demonstrate that defendant correctional officers knew that a constitutional violation was committed and had a realistic opportunity to prevent it." *Carter v. Judkins*, No. 19-cv-7493, 2021 U.S. Dist. LEXIS 68081, at *7. (N.D. Ill. Apr. 8, 2021).

Here, Plaintiff failed to establish the theory of failure to intervene because Plaintiff has not named an actual Defendant under this theory of liability. Defendant Gondek cannot be sued under failure to intervene liability because she is the Defendant that is allegedly used excessive force. It would be illogical for Defendant Gondek to intervene against herself. Furthermore, Plaintiff pled in his Complaint that Defendant Lewis was not present during the alleged altercation. Plaintiff stated that "minutes after the aforementioned incident", Plaintiff informed Defendant Lewis that he needed medical attention (Dkt No. 49 ¶ 19.) This establishes that Defendant Lewis was not present during the alleged incident, thus Defendant Lewis did not have an opportunity to intervene.

Cook County and Sheriff Dart are government entities and can only be held liable for *Monell* claims under Section 1983 claims. S*ee De v. City of Chicago*, 912 F. Supp. 2d 709, 724

(N.D. Ill. 2012) (to state a claim "against a state actor, government entity, or municipality, a plaintiff must establish municipal liability under *Monell*"). The only individuals Plaintiff mentions is a vague reference to employees who assisted during laundry. (Dkt No. 49 ¶ 27.) However, these employees are not named Defendants in this lawsuit. Plaintiff cannot proceed with the theory of failure to intervene without an actual defendant to allege this theory against. *See Woods v. Cook County Jail*, No. 17 C 8656, 2018 U.S. Dist. LEXIS 236983, at *4 (N.D. Ill. Apr. 26, 2018) ("Without a named Defendant who allegedly caused or participated in a constitutional deprivation, Plaintiff cannot proceed under § 1983.") Therefore, Plaintiff has failed to properly plead the theory of failure to intervene, and this count should be dismissed.

### III. COUNTS I, II AND III AGAINST DEFENDANT SHERIFF DART SHOULD BE DISMISSED

In Count I, Plaintiff alleged an excessive force claim and listed all the Defendants including Defendant Sheriff Dart. (Dkt No. 49 ¶ 26-35.) In Count II, Plaintiff also alleged a denial of medical care claim against all the Defendants which also included Defendant Sheriff Dart. (Dkt No. 49 ¶ 36-45.) It is well established that when "a plaintiff asserts an official capacity claim, the action is deemed to be a suit against the local government itself." *Dawson v. Dart*, No. 17-cv-00283, 2020 U.S. Dist. LEXIS 42874, at *7 (N.D. Ill. Mar. 12, 2020). Thus, Plaintiff is required to establish a *Monell* claim against Defendant Sheriff Dart. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 724 (N.D. Ill. 2012) ("In order to state a claim under § 1981 against a state actor, government entity, or municipality, a plaintiff must establish municipal liability under Monell").

To establish a *Monell* claim Plaintiff must show either a policy, custom, or widespread practice violated his constitutional rights. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Thus, excessive force and denial of medical care claims are improper to allege against Defendant

5

Sheriff Dart as a government entity. Therefore, Plaintiff's excessive force claim and denial of medical care claim against Defendant Dart should be dismissed.

**A. Plaintiff failed to allege a *Monell* claim against Defendant Sheriff Dart.**

In Count I, Plaintiff alleged that Defendant Sheriff Dart encouraged misconduct by failing to adequately train his officers. (Dkt No. 49 ¶ 43a.) This alleged gap in policy lead to "widespread practice so prevalent as to comprise municipal policy, officers of the Defendants engage in actions similar to those alleged in this Complaint." (Dkt No. 49 ¶ 43c.). However, Plaintiff's allegations failed to properly plead a *Monell* claim.

In order to show a gap in policy Plaintiff must show that Defendant Sheriff Dart had "notice that its program will cause constitutional violations." *J.K.J. v. Polk County*, 960 F.3d 367, 379 (7th Cir. 2020). This notice is typically "established by a prior pattern of similar constitutional violations." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 677 (7th Cir. 2022).

To properly plead widespread practices Plaintiff must establish a pattern of similar constitutional violations with factual specificity. *See Winchester v. Marketti*, 2012 U.S. Dist. LEXIS 82761, 2012 WL 2076375, at *4 (N.D. Ill. June 8, 2012) ("What is fatal to the Monell claims is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity."). Plaintiff must allege enough facts "to permit an inference that [the defendant] has chosen an impermissible way of operating." *Calhoun v. Ramsey*, 408 F.3d 375, 381(7th Cir. 2005). Additionally, a "gap in policy" theory of liability under *Monell* does not absolve Plaintiff of the requirement to allege facts showing more than a single incident occurred. *Id.* at 380-81.

In *Willis*, Plaintiff alleged a *Monell* claim against Cook County Sheriff. *Willis v. Dart*, No. 21-cv-01295, 2022 U.S. Dist. LEXIS 44471, at *14 (N.D. Ill. Mar. 14, 2022). Plaintiff claimed

that Cook County Jail ("CCJ") had widespread practices of officers' failure of properly monitoring detainees and failing to implement policies for removing violent detainees. *Id*. The court stated that the "critical question under Monell remains this: is the action about which the plaintiff is complaining one of the institution itself, or is it merely one undertaken by a subordinate actor?" *Willis v. Dart*, No. 21-cv-01295, 2022 U.S. Dist. LEXIS 44471, at *15 (N.D. Ill. Mar. 14, 2022). The court held that plaintiff's *Monell* claim failed because "because he does not allege facts to suggest that CCJ had a custom or practice of transferring serially violent P3 inmates to other open RTU tiers. He alleges facts as to Fulton only. And that is not enough." *Willis v. Dart*, No. 21-cv-01295, 2022 U.S. Dist. LEXIS 44471, at *17 (N.D. Ill. Mar. 14, 2022). The court dismissed the Plaintiff's Monell claim against Sheriff Dart. *Id*.

　　　　Similarly, here, Plaintiff's allegations are completely void of any prior pattern of similar constitutional violations. Plaintiff only plead facts specific to incidents he allegedly experienced, which is not enough. Plaintiff's failure to plead more than a single incident demonstrates that Defendant Sheriff Dart did not have notice of any constitutional violations. Even Plaintiff's gap in policy allegation fails because the alleged failure to train officers is not enough to state a *Monell* claim without pleading a pattern of similar constitutional violations. *See J.K.J. v. Polk County*, 960 F.3d 367, 379 (7th Cir. 2020) ("The Supreme Court has made plain that a failure to act amounts to municipal action for Monell purposes only if the County has notice that its program will cause constitutional violations.") Plaintiff simply stating the words "policy" and "widespread practices" does not properly establish a *Monell* claim. *See Foy v. City of Chicago*, 2016 U.S. Dist. LEXIS 63346, at *31, 2016 WL 2770880 (N.D. Ill. 2016) ("Plaintiff succeeds in repeating all of the trigger words required of a Monell claim but absolutely no factual content to demonstrate a widespread practice"). *See Sivard v. Pulaski Cty.*, 17 F.3d 185, 188 (7th Cir. 1994) ("[b]oilerplate allegations

of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient"). Therefore, Plaintiff has failed to state a *Monell* claim, and Defendant Sheriff Dart should be dismissed.

**B. Plaintiff failed to put Defendant Sheriff Dart on notice for a state battery claim.**

In Count III, Plaintiff alleged a state court battery claim and named Cook County, Sheriff Dart and Officer Gondek. (Dkt No. 49 ¶ 46-52.) Although, Plaintiff is not required to plead elements, Plaintiff must "plead facts sufficient to put defendants on notice of the claims against them." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020).

Here, Plaintiff has failed to plead sufficient facts to put Defendant Sheriff Dart on notice of a battery claim. Plaintiff has failed to allege any plausible facts of battery in regard to Defendant Sheriff Dart. Defendant Sheriff Dart cannot differentiate which allegation are against the Sheriff Office, Officer Gondek or Cook County. It is not Defendant Sheriff Dart responsibility to decipher through Plaintiff's insufficient facts to determine exactly what Plaintiff is alleging against the Sheriff. *See Carter v. Pallante*, 256 F. Supp. 3d 791, 798 (N.D. Ill. 2017) ("plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged in the complaint." Therefore, Defendant Dart should be dismissed entirely from Plaintiff's Second Amended Complaint.

**IV. COOK COUNTY AND DEFENDANT SHERIFF DART CANNOT BE HELD LIABLE FOR NEGLIGENT OR WILLFULL AND WANTON CONDUCT UNDER THE TORT IMMUNITY ACT**

Plaintiff's negligence and willful and wanton claims against Cook County must be dismissed because Cook County does not have an employment relationship with Defendants Gondek and Lewis. As previously argued, Cook County and Cook County Sheriff are separate entities and Cook County has no control over any Sheriff employees. *See Moy v. County of Cook*, 159 Ill. 2d

519, (1994). Therefore, Plaintiff's negligent and willful and wanton claims against Cook County should be dismissed.

### A. Plaintiff's willful and wanton claim against Defendant Sheriff Dart is barred per the Tort Immunity Act

Plaintiff alleged in his Complaint that Defendant Sheriff Dart committed willful and wanton acts in failing to properly train and supervise correctional officers. (Dkt No. 49 ¶ 69b-d.) Section 4-103 of the of the Tort Immunity Act provides that:

> "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this section requires the periodic inspection of prisoners." 745 ILCS 10 §4-103 (emphasis added.)

Pursuant to Section 4-103, Defendant Sheriff Dart cannot be held liable for any alleged failure to supervise correctional officers. Moreover, Section 4-103 does not provide any exception for willful and wanton claims. "Illinois courts have held that § 4-103 does not incorporate the willful and wanton exception under § 2-202 and instead provides absolute immunity." *Clark v. Cook County Sheriff's Office*, No. 19 C 7131, 2023 U.S. Dist. LEXIS 108076, at *21 (N.D. Ill. June 20, 2023). *See Payne v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998) ("The Illinois courts have held that the immunity afforded by § 4-103 was intended by the Illinois legislature to be absolute.") Thus, Plaintiff willful and wanton claim against Defendant Sheriff Dart is barred by Section 4-103 of the Tort Immunity Act. Moreover, Plaintiff's negligence claim against Defendant Sheriff Dart is also barred. "Because negligence is by definition a lesser state of mind than willful and wanton, 'negligence claim[s are] barred by the Illinois Tort Immunity Act.'" *Prokop v. Hileman*, 588 F. Supp. 3d 825, 839 (N.D. Ill. 2022). Therefore, pursuant to Section 4-103, Plaintiff's negligence and willful and wanton claims against Defendant Sheriff Dart are barred.

## V.     DEFENDANTS GONDEK AND LEWIS CANNOT BE HELD LIABLE FOR STATE LAW NEGLIGENCE & WILLFUL AND WANTON CLAIMS

As a threshold matter, Plaintiff asserted a state law negligent failure to intervene claim and a state law willful and wanton failure to intervene claim. As previously argued, there is no named defendant to assert a failure to intervene claim against. Furthermore, Plaintiff's negligence claim is barred by the Tort Immunity Act. Thus, both state claims of negligent and willful and wanton conduct should be dismissed.

### A.  Tort Immunity Act bars negligence claims.

Plaintiff's negligence claims in Count IV against Defendants Lewis and Gondek are barred because it does not meet the willful and wanton standard, as required under the Illinois Tort Immunity Act. *See Moran v. City of Chicago*, 286 Ill. App. 3d 746, 750 (1st Dist. 1997) (permitting statutory immunity as basis for both 2-615 pleading-based motions and 2-619 affirmative defense motions). According to § 2-202, "[a] Public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. According to § 1-210, "'Willful and wanton conduct' as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. As previously argued, the Tort Immunity Act bars negligence claims which are of a lesser standard than willful and wanton conduct. *See Tyagi v. Sheldon*, No. 16 C 11236, 2017 U.S. Dist. LEXIS 152150, at *56 (N.D. Ill. Sep. 18, 2017). Therefore, Count IV should be dismissed in its entirety.

**B. Plaintiff failed to properly plead a willful and wanton state claim.**

In Count V, Plaintiff alleged state claim of willful and wanton conduct against Defendants Gondek and Lewis. Although, Plaintiff is not required to assert specific evidence, Plaintiff is required to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Here, Plaintiff has jumbled all the Defendants into one state court claim that fails to give Defendants notice of the exact willful and wanton conduct he alleges specifically against Defendants Gondek and Lewis. "Even under the liberal notice pleading standards of the Federal Rules, a complaint must nonetheless state a cause of action. *Lewis v. Cotton*, 932 F. Supp. 1116, 1119 (N.D. Ill. 1996).

Moreover, "Illinois courts have consistently held that there is no separate and independent tort of willful and wonton misconduct in the law of this state." *Sparks v. Starks*, 367 Ill. App. 3d 834, 837 (1st Dist. 2006). *Also see Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274 (1994) "[t]here is no separate tort for 'willful and wanton' misconduct'" (internal citations omitted). Plaintiff cannot state elements of a cause of action that does not exist. Therefore, Plaintiff's state court willful and wanton claim should be dismissed in its entirety.

## VI. DEFENDANTS GONDEK AND LEWIS ARE ENTITLED TO QUALIFIED IMMUNITY

Defendants Gondek and Lewis are entitled to qualified immunity. Qualified immunity shields officials from civil damages liability in the performance of their duties. *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2078 (2011). To defeat qualified immunity, a plaintiff must plead facts showing: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014). Courts have found when evaluating this two-part analysis that the defendant's intent is relevant to the first prong. *See Auriemma v. Rice*, 910 F.2d 1449, 1465 (7th Cir. 1990); *see also*

*Triad Associates v. Chicago Housing Authority*, 87 C 5096, 1997 U.S. Dist. LEXIS 4031, at *22, 1997 WL 160744 (N.D. Ill. Mar. 31, 1997) (defendant's state of mind is relevant to determine whether a constitutional violation exists). To overcome qualified immunity, Plaintiff must demonstrate Defendants Gondek and Lewis set out to violate Mr. Owens' constitutional rights. *See Forman v. Richmond Police Dept.*, 104 F.3d 950, 957 (7th Cir. 1997) ("[d]oes the alleged conduct set out a constitutional violation").

Plaintiff has not pled sufficient facts that established Defendant Gondek and Lewis' state of mind, intent, or even awareness of any alleged constitutional violations endured by Plaintiff. Plaintiff's entire Second Amended Complaint contains conclusory statements that failed to allege any facts regarding Defendants Gondek and Lewis' state of mind. Failure to satisfy the first prong of the two-part analysis entitles Defendant Dart to qualified immunity. *See Reed v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018) (if plaintiff fails to meet either prong, qualified immunity will apply). Therefore, qualified immunity protects Defendants Gondek and Lewis and Plaintiff's claims against them should be dismissed.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court dismiss (1) all claims against Cook County (2) all claims against Defendant Sheriff Dart (3) the theory failure to intervene (4) all state court negligent claims and (5) all state court willful and wanton claims. Defendants further request any other relief this Court deems just and proper.

Respectfully Submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By:     */s/ Robin Clayton*
          Robin Clayton
          */s/ Krystal Gonzalez*

12

Krystal Gonzalez
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Room 500
Chicago, IL 60602
(312) 603-4370

## CERTIFICATE OF SERVICE

Robin Clayton hereby certifies that, in accordance with FED. R. CIV. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served pursuant to the District Court's ECF system as to ECF filers on August 21, 2023.

*/s/ Robin Clayton*
Robin Clayton