UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIAMEH A. TYEHIMBA )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>COOK COUNTY, COOK COUNTY )<br>CORRECTIONAL OFFICER GONDEK, )<br>COOK COUNTY CORRECTIONAL )<br>OFFICER K. LEWIS #18588, and )<br>THOMAS J. DART in his official capacity, )<br>)<br>)<br>    Defendants. ) | Case No. 22-cv-01139<br><br>Judge Mary M. Rowland<br>Magistrate Judge Sheila M. Finnegan |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)**

NOW COMES Plaintiff, NIAMEH A. TYEHIMBA, by and through his attorneys, FAKLIS, TALLIS & MEAD, PC, and for his response to Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will accept all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d

1

323, 326 (7th Cir. 2000). "If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001) (citations omitted).

## ARGUMENT

**I.     COOK COUNTY IS A PROPER PARTY IN THIS LAWSUIT**

Cook County is a proper party to this suit because Cook County is obligated to pay any judgment against the Sheriff's office. It is well-established that an Illinois county is a necessary party in any suit seeking damages from an employee or elected official of the county. *Carver v. Sheriff of LaSalle Cty.*, 324 F.3d 947, 948 (7th Cir. 2003). Under Illinois law, the county must indemnify the sheriff's office for official capacity claims. *Carver v. Sheriff of LaSalle Cnty.,* 203 Ill.2d 497 (Ill 2003) citing 745 ILCS 10/9-102. Under § 9-102 "A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable. . ." 745 Ill. Comp. Stat. Ann. 10/9-102.

The Illinois Supreme Court, in response to a certified question from the Seventh Circuit on this issue, held that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Carver,* 203 Ill.2d at 498. The Seventh Circuit subsequently held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver,* 324 F.3d at 948; *see also Taylor v. Cook Cnty. Sheriff's Off.,* No. 13-CV-01856, 2015 WL 1428920, at *2 (N.D. Ill. Mar. 26, 2015) ("Cook County shall remain a party to this action for the sole purpose of

2

satisfying its obligation under state law to indemnify the Sheriff's Office for any judgment against it"). Accordingly, defendant's motion to dismiss with respect to Cook County should be denied.

## II. PLAINTIFF PLEADS FACTS DEMONSTRATING A FAILURE TO INTERVENE

Plaintiff's Second Amended Complaint alleges that an unnamed Sheriff's officer was also present at the time of the battery by Office Gondek and failed to intervene. Moreover, the video produced by defendant's shows two officers at the plaintiff's cell door at the time of the alleged battery. Plaintiff can establish facts to support a failure to intervene claim against this second officer. However, defendants failed to identity this individual in answers to interrogatories and Rule 26(a) disclosures. Accordingly, plaintiff requests that defendant properly answer discovery to identify this individual so that plaintiff can establish his failure to intervene claim.

## III. DEFENDANT'S MOTION TO DISMISS COUNTS I, II AND III AGAINST SHERIFF DART SHOULD BE DENIED

### A. Plaintiff's allegations are sufficient to establish a *Monell* claim and involuntary dismissal pursuant to Rule 12(b)(6) is not appropriate at this stage.

Plaintiff can establish a *Monell* claim based on an unconstitutional policy or practice by the Sheriff's office. *Monell* claims can be based three kinds of policies or customs: "[1] an express policy, [2] a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or [3] through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). The failure to develop or implement necessary policies or procedures can constitute a policy or custom for the purposes of *Monell*, if that failure causes a constitutional violation. *Harris v. City of Marion, Ind.*, 79 F.3d 56, 58 (7th Cir. 1996). The failure of a policymaker to correct an unconstitutional policy or practice can establish a *Monell* claim. *See Terry v. Cook Cty. Dept. of Corrs.*, 09-cv-3093, 2010 WL 331720, at *3 (N.D. Ill. Jan. 22, 2010)

("The Court does not see a material difference between a policymaker's failure to correct an unconstitutional policy and a policymaker's establishment of such a policy in the first place.") In the present case, plaintiff alleges that there was widespread practice of similar patterns of abuse and defendant facilitated the type of misconduct at issue by failing to adequately punish and discipline prior instances. These facts, if supported by evidence developed in discovery, would support a *Monell* claim.

Plaintiff also alleges a *Monell* claim based on the Sheriff's office's failed to adequately train its officers. Plaintiff can establish a *Monell* claim based on failure to provide adequate training. The Sheriff's office can be liable for failure to train its employees with respect to a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *Cornfield by Lewis v. Consolidated High School Dist. No. 230,* 991 F.2d 1316, 1327 (7th Cir. 1993)*; Awalt v. Marketti,* 74 F. Supp. 3d 909 (N.D. Ill.), supplemented, 75 F. Supp. 3d 777 (N.D. Ill. 2014). For example, in *Awalt*, the court concluded that genuine issues of material fact existed as to whether failure of sheriff's office and jail's medical services provider to provide adequate medical training to correctional officers caused pretrial detainee's seizure-related death, precluding summary judgment on *Monell* claims asserted in civil rights and wrongful death action brought by detainee's widow. 74 F. Supp. 3d at 939. In the present case, plaintiff alleges facts that will potentially support a *Monell* claim for failure to train, if supported by evidence developed in discovery.

    **B. Plaintiff's complaint puts Defendant Dart on notice of plaintiff's claim that Dart is vicariously liability for the battery committed by his employees in the scope of their employment.**

In Count III, plaintiff alleges that Sheriff Dart is vicariously liable for the battery committed by Officer Gondek, pursuant to Illinois law, because the battery was committed within

the scope of her employment. It is well-established under Illinois law that an employer is liable for an intentional tort committed by its employee if the tort was in furtherance of his employment, or if the employee's motive, or at least a motive, in committing the tort was to serve his employer. *Doe v. City of Chicago,* 360 F.3d 667, 670 (7th Cir. 2004) *citing Wright v. City of Danville,* 174 Ill.2d 391 (Ill.1996); *Rice v. Nova Biomedical Corp.,* 38 F.3d 909, 912–13 (7th Cir.1994) (applying Illinois law); *Illinois Founders Ins. Co. v. Smith,* 231 Ill.App.3d 269 (Ill. App. Ct. 1992); *Gregor v. Kleiser,* 111 Ill.App.3d 333 (Ill. App. Ct. 1982); *Sunseri v. Puccia,* 97 Ill.App.3d 488 (Ill. App. Ct. 1981).

An employer is liable for intentional torts of an employee which are not unexpectable in view of the latter's duties. *Sunseri*, 97 Ill.App.3d at 493 (whether a bartender biting off a patron's ear falls within the scope of employment is a question for the jury because excessive force may be anticipated under certain circumstances as part of a bartender's duties). An employer's liability for an intentional tort will also depend in part on whether the act was a predictable outgrowth of acts the employer authorized the employee to perform. *Maras v. Milestone, Inc.,* 348 Ill. App. 3d 1004, 1008 (Ill. App. Ct. 2004) (holding that employer may be liable for battery by an employee because, in caring for disabled children, physical restraint can be proper and predictable). A court should determine as a matter of law that an employee acted outside the scope of his or her employment only if no reasonable person could conclude from the evidence that the employee was acting within the scope of his or her of employment. *Pyne v. Witmer,* 129 Ill.2d 351, 359 (Ill. 1989). In the present case, there are questions of fact as to whether Defendant Gondek's conduct was in, in whole or in part, motivated in furtherance of employment or anticipated as part of her employment duties and involuntary dismissal is not warranted.

In the motion to dismiss, defendant argues that plaintiff's state law battery claim against Sheriff Dart should be dismissed because plaintiff failed to adequately put Dart on notice of the battery claim. To the contrary, plaintiff states in paragraphs 48 and 49 of the Second Amended Complaint that defendant Dart is liable for the battery committed by Gondek because Gondek was acting as an agent within the scope of her employment at the time of the battery. These allegations are sufficient to put defendant on notice of the claim.

**IV. PLAINTIFF PROPERLY PLEADS CLAIMS FOR NEGLIGENCE AND WILLFUL AND WANTON CONDUCT AGAINST SHERIFF DART AND COOK COUNTY**

**A. Plaintiff's willful and wanton and negligence claims against Sheriff Dart are proper because Dart is vicariously liable for the willful and wanton and negligent conduct of his employees acting within the scope of their employment.**

Just as defendant Dart is vicariously liable for intentional torts by employees committed within the scope of employment, defendant Dart is also vicariously liable for the willful and wanton and negligent of his employees committed within the scope of employment, under Illinois law. *Brown v. King,* 328 Ill. App. 3d 717, 722 (Ill. App. Ct. 2001) ("It is well settled that, under the doctrine of *respondeat superior,* an employer may be liable for the negligent, willful, malicious, or even criminal acts of its employees when such acts are committed in the course of employment and in furtherance of the business of the employer"), *Mitchell v. Norman James Construction Co.,* 291 Ill.App.3d 927, 932 (Ill. App. Ct. 1997). In addition, Illinois Counties Code Section 3–6016 states that "[t]he sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission." 55 ILCS 5/3–6016. Accordingly, defendant's argument that Sheriff Dart cannot be held liable for the negligent and willful and wanton acts of his employees is without merit. Cook County is a proper party because of its obligation to indemnify Dart for any judgment against him.

V. **DEFENDANTS GONDEK AND LEWIS ARE LIABLE FOR THEIR NEGLIGENT AND WILLFUL AND WANTON CONDUCT UNDER ILLINOIS LAW**

    **A. There is an issue of fact as to whether Tort Immunity Act applies to the facts alleged in the complaint because defendants do not establish that they were enforcing or executing any law.**

Defendants argue that they are immunized from liability for their negligent conduct based on Section 2-202 of the Illinois Tort Immunity Act. However, Section 2-202 applies only to public employees' execution or enforcement of the law. This immunity extends only to the act or omission done while in the actual execution or enforcement of a law and not to every act or omission done while on duty as a public employee. *Lacey v. Village of Palatine,* 379 Ill.App.3d 62 (Ill. App. Ct. 2008). In this present case, there are questions of fact as to whether defendants' misconduct occurred during the execution or enforcement of any law. Plaintiff's complaint certainly does not state that defendants were enforcing the law and defendants have not raised any affirmative matter to suggest that defendants were enforcing the law. Accordingly, there remain questions of fact as to whether this Section 2-202 of the Tort Immunity Act applies.

    **B. Plaintiff properly pleads willful and wanton claims against the defendants.**

Plaintiff's complaint provides defendants adequate notice of the alleged misconduct against them. Plaintiff alleges that Defendant Gondek closed his hand in the cell door chuckhold and proceeded to twist and turn plaintiff's fingers snapping the bone as plaintiff screamed "please stop your hurting me." Plaintiff alleges that defendant Gondek saw the plaintiff's finger break and proceeded to use racial slurs against him, stating, "see what you made me do you stupid n****." Plaintiff alleges that he subsequently reported the occurrence to defendant Lewis and told Lewis that he needed urgent medical care. Plaintiff reported to Lewis that he was in a lot of pain, felt faint and had distorted vision. Plaintiff repeatedly asked defendant Lewis for help and Lewis refused,

7

as plaintiff began to panic and hyperventilate. Plaintiff subsequently lost consciousness, suffered a seizure and had to be transferred to the hospital. These facts are sufficient to establish willful and wanton misconduct. Defendants make no argument and cite to no case law to suggest that such facts do not amount to willful and wanton misconduct as a matter of law.

VI. **DEFENDANT'S GONDEK AND LEWIS ARE NOT ENTITLED TO QUALIFIED IMMUNITY**

In the motion, defendants do not argue that they are entitled to qualified immunity because plaintiff fails to alleged that they violated a clearly established constitutional right. Instead, defendants argue only that they are entitled to qualified immunity because plaintiff failed to adequately allege their state of mind. To the contrary, the facts pled are demonstrative of the state of mind of the defendants. The facts pled in the complaint are adequate to establish that defendants knowingly violated plaintiff's constitutional rights. Moreover, the cases cited by defendant do not stand for the proposition that a complaint can be dismissed for plaintiff's failure to specifically plead defendants' state of mind. However, if the Court deems that plaintiff must plead the state of mind to defeat qualified immunity, plaintiff would ask for leave to file his amended complaint to do so.

Defendants do not dispute that the allegations of the complaint demonstrate that defendants violated clearly established constitutional rights. The right of detainees to be free from excessive force while in custody is clearly established. *Titran v. Ackman*, 893 F.2d 145, 148 (7th Cir. 1990) (holding that there was a constitutional violation based on allegations of intentionally restraining, jolting, and roughing up a pretrial detainee without physical provocation); *Morfin v. City of E. Chicago,* 349 F.3d 989, 1005 (7th Cir.2003) (holding that a jury could find that officers used excessive force in grabbing plaintiff and throwing him to the floor, where plaintiff had not been a threat to officers and did not resist in any way until the officers applied unnecessary force);

*Payne v. Pauley,* 337 F.3d 767, 779 (7th Cir.2003) (holding that it was not objectively reasonable for officer to apply overly tight handcuffs, where arrestee was "not threatening to harm the police officer or anyone else at the scene, was not resisting or evading arrest, was not attempting to flee, and was charged with ... minor offenses"); *Davis v. Peoria Cnty.,* No. 08-CV-1118, 2009 WL 3258318, at *8 (C.D. Ill. Oct. 8, 2009) ("a reasonable official would understand that detainees had a right to be subject to only reasonable applications of force and may not be punished by officer").

In addition, a pre-trial detainee's constitutional right to reasonable medical care has clearly established for decades. *See Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006) ("Our cases thus establish that the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction."); *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007); *Ortiz v. City of Chicago*, 656 F.3d 523, 530–31 (7th Cir. 2011); *Estate of Perry v. Wenzel,* 872 F.3d 439 (7th Cir. 2017); *see Acosta v. City of Chicago*, No. 15 CV 8333, 2018 WL 3630011, at *7 (N.D. Ill. July 3, 2018) ("[T]he right is prompt access to medical care, and whether officers can deny or delay an arrestee's access to a hospital when faced with a serious need is beyond debate.... As such, [the officer] was on notice that when an arrestee is in serious need of medical care, he must promptly summon medical support. Qualified immunity does not shield [the officer] from liability here."). An officer's failure to take any action in light of a detainee's serious medical need precludes qualified immunity); *Snukis v. Taylor,* No. 321CV00135TWPMPB, 2022 WL 2305697, at *6 (S.D. Ind. June 27, 2022) ("There is no question that the right to medical assistance for a seizure is "clearly defined," such that a reasonable officer would know that he is violating the detainee's rights by failing to provide medical attention in such circumstances").

9

## **CONCLUSION**

WHEREFORE, the Plaintiff, NIAMEH A. TYEHIMBA, respectfully requests that this Court deny Defendant's Motion to Dismiss his Second Amended Complaint.

                                            Respectfully submitted,
                         By:    /s/Michael C. Mead
                                            Faklis, Tallis & Mead, P.C.
                                            35 East Wacker Drive
                                            Suite 2250
                                            Chicago, Illinois 60601
                                            (312) 368-0550
                                            (312) 419-9876 - Fax
                                            Email: mmead@faklisandtallis.com

## *CERTIFICATE OF SERVICE*

Plaintiff's attorneys hereby certify that on the 20th day of September, 2023, a copy of **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6),** was filed electronically. Parties may access this filing through the Court's system.

Robin Williams
Krystal Gonzalez
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
Robin.Williams@cookcountyil.gov
Krystal.Gonzalez@cookcountyil.gov

/s/Michael C. Mead
Faklis, Tallis & Mead, PC
35 East Wacker Drive
Suite 2250
Chicago, Illinois 60601
(312) 368-0550
(312) 419-9876 - Fax
Email: michael@faklisandtallis.com

s