**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NIAMEH A. TYEHIMBA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-01139 |
| | ) | |
| vs. | ) | Judge Mary M. Rowland |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Cook County D.O.C., | ) | |
| C.O. Ms. Gondek, | ) | |
| C.O. Mr. Lewis, CCDOC Medical staff, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Sheriff Dart, and Officer Lewis (collectively "Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State Attorneys, Robin Clayton and Krystal Gonzalez, and pursuant to Fed. R. Civ. P. 12(b)(6) reply to Plaintiff's Response Brief ("Response Brief") to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Complaint"). (Dkt. No. 61) As a result, Defendants state as follows:

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss should be granted if, taking well-pleaded allegations of the complaint as true, the facts plausibly suggest a right to relief. *McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must draw all reasonable inferences in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The plaintiff's factual allegations must plausibly suggest the plaintiff is entitled to relief, "raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). A "plaintiff's obligation to provide the 'grounds' of her 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555. "A complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST COOK COUNTY ARE IMPROPER

In Plaintiff's Response Brief, he claimed that Cook County is a proper party because Cook County is obligated to indemnify the Sheriff. (Dkt. No. 61 pg. 2.) However, Plaintiff did not name Cook County for indemnification purposes only. Plaintiff alleged in his Complaint that Cook County is liable pursuant to *respondeat superior* for Defendant Officer Lewis. (Dkt No. 49 ¶ 5.) Plaintiff also claims that Officer Lewis is employed by Cook County. (Dkt No. 49 ¶ 6.) Thus, Plaintiff has alleged a *Monell*, state law negligent, and state law willful and wanton claims against Cook County. (Dkt No. 49) As previously argued in Defendants' Motion, these claims are improper because Cook County does not have an employment relationship with Defendant Lewis.

Defendant Lewis is a correctional officer under the Cook County Sheriff Office. (Dkt. No. 11). The Illinois Supreme Court held in *Moy* the "sheriff is a county officer and, as such, is not in an employment relationship with the County of Cook." *Moy v. County of Cook*, 159 Ill. 2d 519, 532, 640 N.E.2d 926, 931 (1994). Consequently, Defendant Lewis, as an employee of the Sheriff, does not have an employment relationship with Cook County. Thus, Cook County cannot be held liable for state laws claims on behalf of any alleged violations made by Defendant Lewis. Nor can Cook County be held liable for a *Monell* claim when the County is not able to implement policy for Sheriff's employees. Therefore, Plaintiff's state law and *Monell* claims against Cook County should be dismissed.

## II. PLAINTIFF FAILED TO ESTABLISH THE THEORY OF FAILURE TO INTERVENE

Plaintiff alleged in his Response Brief that an unnamed Sheriff's officer failed to intervene in the battery allegedly committed by Officer Gondek. (Dkt. No. 61 pg. 3) However, this unnamed officer is not a named Defendant in this lawsuit. Plaintiff only named Cook County, Sheriff Dart, Officers Lewis and Gondek. None of these Defendants can be held liable for failure to intervene. Plaintiff not knowing the name of the alleged officer does not excuse his responsibility to properly sue the correct individuals. Plaintiff could have listed the unknown officer as an"Unknown Defendant" and engaged in discovery to identify to the name of the officer, but Plaintiff failed to follow proper procedure. Section 1983 claims a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Here, there is no named Defendant that was personally involved in failing to intervene in the alleged use of excessive force. Nor can Plaintiff vicariously impute that liability to the named Defendants. Therefore, Plaintiff has failed to properly plead failure to intervene, and this theory of liability should be dismissed.

## III. PLAINTIFF FAILED TO PROPERLY PLEAD A MONELL CLAIM AGAINST SHERIFF DART

Plaintiff claimed in his Response Brief that there was widespread practice of similar patterns of abuse that Defendant Sheriff Dart failed to punish. (Dkt. No. 61 pg. 4) Plaintiff also claimed that these facts will develop in discovery and thus Plaintiff properly plead a *Monell* claim. (Dkt. No. 61 pg. 4) Plaintiff is wrong. As argued in Defendants' Motion to Dismiss, a district court held in *Willis* when reviewing a defendant's motion to dismiss, it is not enough for Plaintiff to rely on facts specific to him. *Willis v. Dart*, No. 21-cv-01295, 2022 U.S. Dist. LEXIS 44471, at *17 (N.D. Ill. Mar. 14, 2022).

Here, Plaintiff only pled a single fact that is specific to only him. This isolated event fails to meet the standard of widespread practices. See *Johnson v. Cook County Sheriff's Office,* No. 16 C 07523, 2018 U.S. Dist. LEXIS 80592, at *7 (N.D. Ill. May 14, 2018) ("In other words, a widespread practice cannot be demonstrated by an isolated incident.")

Additionally, Plaintiff also claimed that Defendant Sheriff failed to properly train his officer. (Dkt. No. 61 pg. 4) As argued in Defendants' Motion to Dismiss, in order to properly plead a gap in policy, Plaintiff must show that Defendant Dart had notice which is established by pleading a pattern of similar constitutional violations. *Fields v. City of Chicago*, 981 F.3d 534, 562 (7th Cir. 2020). Plaintiff failed to plead any facts that established a pattern of similar constitutional violations. Plaintiff is required to do more than just plead *Monell* triggers words. *See Sivard v. Pulaski Cty*., 17 F.3d 185, 188 (7th Cir. 1994). Therefore, the *Monell* claim against Defendant Sheriff should be dismissed.

## IV. PLAINTIFF'S WILLFUL AND WANTON CLAIM AGAINST DEFENDANT SHERIFF DART IS BARRED PER THE TORT IMMUNITY ACT

Plaintiff claimed in his Response Brief, that Defendant Sheriff Dart is vicariously liable for intentional torts committed by employees and pursuant to Illinois Counties Code Section 3–6016, and the Sheriff is liable for any negligent or omission of his duties. However, that is not what Plaintiff pled in his Complaint. Plaintiff specifically stated that Defendant Dart was liable for negligent and willful and wanton claims due to Defendant Sheriff Dart's alleged failure to properly train and supervise employees. (Dkt No. 49 ¶ 69b.). Pursuant to Section 4-103 of the of the Tort Immunity Act, Defendant Dart who is considered a public entity cannot be held liable for "failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this section requires the periodic inspection of prisoners." 745 ILCS 10 §4-103. Thus, the basis for Plaintiff's negligence and willful and wanton claims are barred and Plaintiff cannot change the basis for these

claims in his Response. Moreover, immunity under Section 4-103 of the Tort Immunity Act is absolute. *See Bramwell v. Cortez*, No. 21 CV 6219, 2022 U.S. Dist. LEXIS 150051, at *14 (N.D. Ill. Aug. 22, 2022). Therefore, Plaintiff's negligence and willful and wanton claims against Sheriff Dart should be dismissed.

## V. PLAINTIFF FAILED TO GIVE NOTICE OF HIS STATE LAW CLAIMS CLAIM AGAINST DEFENDANT LEWIS.

Plaintiff may claim he has pled sufficient facts so as to give notice of his willful and wanton claim. However, the facts asserted in his Response Brief were only regarding the excessive force claim against Defendant Gondek. There are no facts in the Complaint that give Defendant Lewis notice of a willful and wanton state claim against him. It is not Defendant Lewis' burden to figure out what exactly Plaintiff is alleging against him. It is Plaintiff's burden to give Defendant Lewis proper notice of his willful and wanton claims. *See Schmidt v. Nissan Motor Acceptance Corp.*, 104 F. Supp. 2d 955, 957 (N.D. Ill. 2000) ("a plaintiff must "give adequate notice to the defendant of the basis of the suit.") *See also Cincinnati Insurance Co. v. Kreager Brothers Excavating*, No. 2:12-cv-470-JD-APR, 2013 U.S. Dist. LEXIS 85743, at *3 (N.D. Ind. June 18, 2013) ("Statements contained in the complaint must give the defendant notice of the claim against it and contain enough facts that the relief is plausible on its face.")

Consequently, Plaintiff's negligence claim against Defendant Lewis must also be dismissed. Here Defendant Lewis cannot ascertain what facts are being alleged against him for a willful and wanton claim, and he cannot determine what Plaintiff is alleging for a negligence claim. Therefore, Plaintiff's state law claims against Defendant Lewis should be dismissed.

## VI. DEFENDANT LEWIS IS ENTITLED TO QUALIFIED IMMUNITY

As argued in Defendants' Motion, Defendant Lewis is entitled to qualified immunity. It is well established that qualified immunity applies if the Plaintiff failed to meet the first prong. *See Reed*

*v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018) (if plaintiff fails to meet either prong, qualified immunity will apply). Here, Defendants argued in their Motion that Plaintiff failed to plead any facts that Defendant Lewis set out to violate Plaintiff's constitutional rights. (Dkt No. 52 pg. 12) Plaintiff's only response is that Plaintiff has an established right to receive medical care. (Dkt No. 61pg. 9). Plaintiff's Response fails to show that he pled facts that Defendant Lewis set out to violate his constitutional rights. Thus, Plaintiff has failed to meet the first prong of the two-part test of qualified immunity. Therefore, Defendant Lewis is entitled to qualified immunity.

**CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court dismiss (1) all claims against Cook County; (2) all claims against Defendant Sheriff Dart; (3) dismiss the theory of failure to intervene; (4) dismiss all state court negligence claims; and (5) all state court willful and wanton claims. Defendants further request any other relief this Court deems just and proper.

Respectfully Submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Robin Clayton*
Robin Clayton
*/s/ Krystal Gonzalez*
Krystal Gonzalez
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Room 500
Chicago, IL 60602
(312) 603-4370

**CERTIFICATE OF SERVICE**

Robin Clayton hereby certifies that, in accordance with FED. R. CIV. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served pursuant to the District Court's ECF system as to ECF filers on October 11, 2023.

*/s/ Robin Clayton*
Robin Clayton