IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIAMEH A. TYEHIMBA, ) | |
| ) | Case No. 22-cv-1139 |
| Plaintiff, ) | |
| ) | Judge Mary M. Rowland |
| v. ) | |
| ) | Magistrate Judge Sheila M. Finnegan |
| Cook County, Cook County Correctional ) | |
| Officer Gondek, Cook County Correctional ) | |
| Officer K. Lewis #18588, and ) | |
| THOMAS J. DART in his official capacity, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICER GONDEK'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant, OFFICER EWELINA GONDEK ("Gondek" or "Officer Gondek"), by and through her attorneys, Special Assistant State's Attorneys Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for his Reply in Support of Defendants' Motion to Dismiss (ECF No. 52.), states the following:

**BACKGROUND/INTRO**

Plaintiff's mixing of causes of actions and defendants make navigation of his claims and complaint an extremely difficult task. Plaintiff's arrangement of his claims necessitates the asking of the question of how anyone can manage so many simultaneous claims without differentiating them and specifying the defendants against whom they are brought to some capacity, much less how this Court can manage such. Count I of Plaintiff's Second Amended Complaint presents a claim against all defendants – Cook County, Gondek, Lewis, and Sheriff Dart – for *both* failure to intervene and excessive force. (2nd Am. Compl., ECF No. 49.) Notably, Defendant Gondek is the officer accused of using excessive force, however, Plaintiff named all Defendants without factual

allegations against any defendant other than Defendant Gondek. Similarly, Plaintiff included a failure to intervene claim in the same count against Gondek. It is impossible to intervene into one's own actions. Hence, Plaintiffs claims are flawed and should be dismissed.

Count I also inappropriately attempts to bring in a *Monell* style claim against all Defendants, as opposed to only Cook County Sheriff's Office. The Rules of Civil Procedure note that where such "promote[s] clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). The proper avenue for such claims, pursuant to Rule 10, would be for Plaintiff to plead such clearly and independently in their own counts. Plaintiff's complaint has significant issues, including failure to align appropriate claims with appropriate defendants, which are mixed throughout the complaint.

Plaintiff also confusingly references a summary judgment standard in his Response. Throughout, he refers to "remain[ing] questions of fact" with regard to arguments brought on a Motion to Dismiss. This is not the applicable standard. Motions to Dismiss under 12(b)(6) deal with the sufficiency of the claim as pled, not whether there are factual questions with regard to crucial details in proving Plaintiff's case – these disputes are better brought under summary judgment. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Plaintiff appears to concede that his complaint suffers from serious issues requiring amendment, by requesting leave to file an amended complaint.. Plaintiff should have properly pleaded his claims *initially*, rather than offering to do so in the face of a motion to dismiss. (Resp., ECF No. 61 at 8 ("However, if the Court deems that Plaintiff must plead the state of mind to defeat qualified immunity, Plaintiff would ask for leave to file his amended complaint to do so."))

Defendant Gondek is entitled to dismissal from Plaintiff's claims as a result of these pervasive pleading failures, as well as a result of the doctrine of qualified immunity.

2

**ARGUMENT**

I.     **Plaintiff's Failure to Intervene Claim Against Gondek is Invalid**

Plaintiff takes issue with Defendants' position that Gondek cannot be liable for failure to intervene as the one alleged to have used excessive force in the first place. He contends that his second amended complaint alleges that an unnamed Sheriff's Officer was also present at the time of the battery who is liable for failure to intervene. Yet, this is not enough.

As Defendants stated in their Motion, "[f]ailure to intervene is … a theory of liability, not a claim[,]" *Taylor v. Wexford Health Sources, Inc.*, No. 15 C 5190, 2016 U.S. Dist. LEXIS 76341, at *15 (N.D. Ill. June 13, 2016), therefore, Plaintiff needs to "demonstrate that [Gondek] knew that a constitutional violation was committed and had a realistic opportunity to prevent it." *Carter v. Judkins*, No. 19-cv-7493, 2021 U.S. Dist. LEXIS 68081, at *7 (N.D. Ill. Apr. 8, 2021). Gondek cannot be liable for failure to intervene with herself as the party to be intervened against. Here, Plaintiff cannot demonstrate that there was any constitutional violation being committed by another party of which Gondek "had a realistic opportunity to prevent" as she is the one alleged to have done the very constitutional violation at issue in the first place. *Id. See also Woods v. Cook Cnty. Jail*, No. 17 C 8656, 2018 U.S. Dist. LEXIS 236983, at *4 (N.D. Ill. Apr. 26, 2018) ("Without a named Defendant who allegedly caused or participated in a constitutional deprivation, Plaintiff cannot proceed under § 1983.").

Further, Plaintiff's Response notes that Plaintiff plans to determine the identity of the alleged additional officer he claims was present and did not intervene. Yet, no additional defendants are named in his Second Amended Complaint. When a Plaintiff is unaware of the identity of a party, the proper avenue of relief is not to identify the party and name them for the first time later, but to name them initially as a "John Doe" Defendant and formally name them

3

once their identity has been ascertained, should this be done on a timely basis. *See generally, Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021). As a result of failing to name the unknown party, Plaintiff cannot seek relief for failure to intervene because no one who was present to intervene is named in this lawsuit. Even now, after Plaintiff has engaged in some discovery and amended their complaint numerous times, even to the point of actually mentioning the existence of said unknown present officer in the pleading but has still failed to name them as a party. (2nd Am. Compl., ECF No. 49 ("*the other officer* doing laundry (name unknown) tried to help her do so.").)

Plaintiff failed to plead any theory of recovery under failure to intervene as against Gondek. Accordingly, Defendant Gondek must be dismissed from Count I of Plaintiff's Second Amended Complaint.

## II.     Plaintiff's State Law Claims (Negligence & Willful and Wanton Conduct) Against Gondek Fail

Plaintiff fails to make any response to Defendants' assertion in their Motion that Plaintiff's state law negligent failure to intervene claim and state law willful and wanton conduct claim fail for lack of a named defendant to assert such failure to intervene against. Where a party fails to respond to an argument in a brief, it is considered waived. *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939 (N.D. Ill. 2010). Plaintiff also fails to oppose Defendants' assertions that his claims are barred by the Tort Immunity Act and that he fails to plead a case of willful and wanton conduct in his complaint at law.

### a.    *Plaintiff Fails to Plead a Case of Negligence as to Gondek*

Plaintiff points to *Lacey v. Village of Palatine*, 379 Ill. App. 3d 62 (1st Dist. 2008) as supporting her contention that Section 2-202 immunity does not extend to the conduct at issue in

4

this case because it was not done in the actual execution or enforcement of the law, however, *Lacey* did not deal with any issues of correctional officers or facilities. In fact, the Court there implicitly recognized that "a police officer responding to an emergency is ... executing or enforcing a law[,]" *Morris v. City of Chi.*, 130 Ill. App. 3d 740, 744 (1st Dist. 1985), but an officer "does not have to be engaged in an emergency response in order for section 2–202 immunity to apply." *Carter v. DuPage Cnty.*, 304 Ill. App. 3d 443, 452-53 (2nd Dist. 1999). Plaintiff's argument is foiled by the fact that correctional officers employed by county correctional facilities are considered law enforcement officers under the law and their duties in the course of such employment fall under protection of Section 2-202. *Gibbs v. Madison Cnty. Sheriff's Dept.*, 326 Ill. App. 3d 473, 478-79 (5th Dist. 2001). Accordingly, no issue of fact exists with regard to whether Defendant Gondek is immunized under section 2-202.

Plaintiff failed to respond to Defendant's other argument for application of 2-202 immunity from Plaintiff's state law negligence claim – that the Tort Immunity Act bars negligence claims of a lesser standard than willful and wanton conduct. *See Tyagi v. Sheldon*, No. 16 C 11236, 2017 WL 4130532 (N.D. Ill. Sept. 18, 2017). This Court has consistently noted that failure to respond to an opposing party's argument implies concession, *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939 (N.D. Ill. 2010). Thus, Plaintiff has conceded this argument, warranting dismissal of Defendant Gondek from Count IV.

    **b.** *Plaintiff Fails to Plead a Case of Willful and Wanton Conduct as to Gondek*

Under applicable law, there is no separate, independent tort of willful and wanton conduct in Illinois. *Krywin v. Chi. Transit Auth.*, 238 Ill.2d 215, 235 (2010); *Ziarko v. Soo Line R.R. Co.,* 161 Ill.2d 267, 274 (1994). Rather, willful and wanton conduct is regarded as an aggravated form of negligence, *Id*. at 275, going far beyond mere inadvertence. *Majewski v. Chi. Park Dist.*,

5

177 Ill. App. 3d 337, 340 (1st Dist. 1988). Accordingly, a Plaintiff seeking recovery for willful and wanton conduct must also prove the basic elements of a negligence claim – that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injury. *Krywin*, 238 Ill.2d at 225.

Plaintiff's poorly pled complaint jumblesall defendants into one state law count and fails to provide notice of the exact willful and wanton conduct alleged specifically against Defendant Gondek, nor does he specifically plead the elements of negligence as required. "Even under the liberal notice pleading standards of the Federal Rules, a complaint must nonetheless state a cause of action." *Lewis v. Cotton*, 932 F. Supp. 1116, 1119 (N.D. Ill 1996). Plaintiff cannot be permitted to proceed with his mixed count alleging willful and wanton conduct against both the one he alleges perpetrated the use of force as well as those he claims failed to intervene. Defendant Gondek should be dismissed from Plaintiff's Count V willful and wanton state law claim.

III. **Gondek is Entitled to Qualified Immunity**

Plaintiff's Response finally asserts that Defendant Gondek is not entitled to qualified immunity on account of there not being a requirement to show intent, but his argument is unavailing, and intent is a crucial part of the analysis by this Court.

What his position amounts to is that he, the Plaintiff, does not have to follow the pleading standards of this court. Specifically, he asserts that he does not have to plead his claim such that notice is given of the satisfaction of intent in consideration of the two-prong test. However, it is well established that the notice pleading standard in Federal Courts "requires more than labels and conclusions ... and a formulaic recitation of the elements of a cause of action will not do[.]"

Plaintiff's lack of clear allegations showing intent and state of mind amount to simply formulaic recitation. And it is also clear that Plaintiff even knows and acknowledges this – his

response ultimately asserts that even though he doesn't have to plead state of mind, the facts alleged resultantly show it, "[h]owever, if the Court deems that [he] must plead the state of mind to defeat qualified immunity, [he] would ask for leave to file his amended complaint to do so." (*Id.* at 8.)

As noted in Defendants' Motion to Dismiss, consideration of qualified immunity entails a two-part analysis wherein the Plaintiff must plead facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014). The Seventh Circuit specifically notes intent be crucial in determination of whether a constitutional violation exists, especially so where intent is a critical component of the complained of violation. *Auriemma v. Rice*, 910 F.2d 1449, 1453 (7th Cir. 1990) ("alleged racial discrimination, violation of civil rights, and retaliation all inherently involve ... intent"). Specific to this requirement is that Plaintiff *plead facts showing* these elements such that his claim can prevail on a Motion to Dismiss. Plaintiff needs to show that Defendant Gondek intentionally set out to violate his constitutional rights to overcome the qualified immunity defense. *Id.*; *Triad Assocs., Inc. v. Chi. Housing Auth.*, No. 87 C 5096, 1997 WL 160744 (N.D. Ill. March 31, 1997).

Plaintiff has not made any such showing in his conclusory Second Amended Complaint and fails to allege any facts regarding the intent or state of mind of Defendant Gondek. Plaintiff's failure to satisfy the first prong of the two-part analysis entitles Gondek to qualified immunity. *See Reed v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018) (qualified immunity applies where plaintiff fails to satisfy either prong). Accordingly, Gondek is entitled to dismissal from Plaintiff's claims.

## CONCLUSION

WHEREFORE, for the above stated reasons, Defendant Gondek is entitled to dismissal as a matter of law under Federal Rule of Civil Procedure 12(b)(6). Defendant respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Second Amended Complaint and all claims therein against Defendant Cook County Correctional Officer Gondek.

                                  Respectfully Submitted,

By:   */s/ Jason E. DeVore*
        Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Officer Gondek's Reply in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** was filed on **October 11, 2023**, with the Northern District of Illinois ECF System, serving a copy to all parties.

                                  */s/ Zachary Stillman*