IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIAMEH A. TYEHIMBA,<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY, COOK COUNTY CORRECTIONAL OFFICER GONDEK, COOK COUNTY CORRECTIONAL OFFICER K. LEWIS #18588, and THOMAS J. DART in his official capacity,<br><br>Defendants. | Case No. 22-cv-01139<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Niameh A. Tyehimba brings this suit against Defendants Cook County, Cook County Correctional Officer Gondek (Gondek"), Cook County Correctional Officer Lewis (Lewis"), and Sheriff Thomas J. Dart ("Sheriff Dart") in his official capacity alleging civil rights violations pursuant to 42 U.C.S. §1983, along with various state law claims.

In his Second Amended Complaint ("SAC"), Tyehimba alleges that all Defendants are liable for violating his constitutional rights (Count I, excessive force and failure to intervene under the Eighth and Fourteenth Amendment), and denying him medical care (Count II under the Eighth and Fourteenth Amendment), Cook County, Gondek, and Sheriff Dart are liable for state law battery (Count III), all Defendants are liable for negligence (Count IV), Cook County, Gondek, and Sheriff Dart are liable for willful and wanton conduct (Count V), and Cook County is liable

1

to indemnify any judgment (Count IV).¹ For the reasons stated herein, Defendants' motion to dismiss [52] is granted in part and denied in part. Tyehimba is granted leave to amend his complaint by April 15, 2024.

I. **Background**

The following factual allegations are taken from the SAC [49] and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Tyehimba was an inmate at the Cook County Department of Corrections located in Cook County, Illinois on February 12, 2022. *Id.* ¶¶ 4; 9. Between 3:30 to 4:00 pm in Division 9, Tier 2H, cell 2058, Tyehimba experienced a traumatic event. *Id.* ¶ 10. At that time, he placed his left hand outside the chuckhold for blanket exchange. *Id.* Prior to Tyehimba placing his hand outside the chuckhold, his cell was raided of nearly all blankets and sheets. *Id.* ¶ 11. When Tyehimba spotted a deputy officer doing laundry, he attempted to explain his situation and get more blankets. *Id.* ¶ 12.

Defendant Gondek then approached Tyehimba's cell door and proceeded to close and slam Tyehimba's hand in the chuckhold while the unnamed officer doing laundry tried to help Gondek do so. *Id.* ¶ 13. Tyehimba then screamed and yelled "Please stop, you are hurting me!" *Id.* ¶ 14. Tyehimba continued to scream that he was hurt, and Gondek proceeded to twist and turn Tyehimba's fingers in a painful way. *Id.* ¶ 15. Tyehimba then felt Gondek snap and break his little finger. *Id.* ¶ 16.

---

¹ The Court requests that Tyehimba clarify as the case progresses whether he is proceeding under an 8th amendment or 14th amendment theory.

Gondek saw Tyehimba's finger break, knew it was broken, and stated "See what you made me do, you stupid N*****!" *Id.* ¶ 17. Tyehimba's cellmate, Hibbler, told Tyehimba to remain calm and helped him onto his bunk. *Id.* ¶ 18.

Some minutes later, Tyehimba and Hibbler were let out for dayroom. *Id.* ¶ 19. Tyehimba told Defendant Lewis what happened and that he needed urgent medical care. *Id.* Lewis responded to Tyehimba to "Please back up, you'll have to wait until med-pass.". *Id.* ¶ 20. Tyehimba stated "Please help me. I am in a lot of pain. I feel very faint, also my vision is distorted." *Id.* ¶ 21. Lewis then proceeded to sit down. *Id.* ¶ 22. Tyehimba called Lewis again and asked for help a second time. *Id.* ¶ 23. Lewis replied, "I can't help you bro.". *Id.* ¶ 24. Due to the pain in his broken finger, Tyehimba began to panic and hyperventilate. *Id.* ¶ 25. Tyehimba then passed out, had a seizure, and was transferred to and hospitalized at St. Anthony's for broken bones and possible brain damage. *Id.*

Tyehimba seeks compensatory and punitive damages and attorney's fees and costs pursuant to 42 U.S.C. §1988. Before the Court is Defendants' motion to dismiss Tyehimba's SAC for failing to state a claim under F. R. Civ. P. 12(b)(6). *See* [52].

**II. Standard**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887

F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III. Analysis

#### A. Cook County to remain for indemnification purposes only.

Plaintiff names Cook County in each count based either upon a *Monell* theory or Defendant Gondek and Defendant Lewis's employment. Defendants argue that Cook County should be dismissed from all claims because there is no employment

4

relationship between Cook County and the individual Defendants. [52] at 2-4. They further argue that Cook County cannot be held liable for any *Monell* claims because it is not responsible for Cook County Jail. *Id.* at 4. Plaintiff concedes that he only named Cook County for indemnification purposes under *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947 (7th Cir. 2000).

Settled precedent establishes that Cook County is a separate entity from the Sheriff's office, which supervises the Cook County Jail and Cook County Department of Corrections. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989); *see also Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998) ("sheriffs are agents of the county, but they are separate from the county boards to such a degree that the county boards cannot be held liable for their actions under *respondeat superior*"). Cook County is thus not liable under a *respondeat superior* or *Monell* theory.

Cook County is dismissed with prejudice from Counts I through Count V. Cook County will remain a Defendant for indemnification purposes only as alleged in Count VI.[2]

**B. Plaintiff's claim for failure to intervene is dismissed without prejudice.**

The Court next turns to Tyehimba's failure to intervene alleged in Count I. Defendants argue Tyehimba failed to properly plead failure to intervene theory of liability against Gondek because it would be illogical for Gondek to intervene against

---

[2] *See Carver* that "a County in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Id.* at 948. As Cook County is named for indemnification only, it need not file an Answer.

5

herself. [52] at 4. Lewis was not present during the alleged altercation and therefore could not have intervened either. *Id*. The Court agrees.

An officer can be liable for failing to intervene when he "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342, (7th Cir. 2017) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Here, Tyehimba does not dispute that he cannot properly allege that either Gondek or Lewis failed to intervene. Rather, Tyehimba seeks information to discover the identity of the John Doe officer was who was present during the altercation. [61] at 3.

The Court grants Tyehimba leave to amend his complaint to name the unknown officer as a Defendant, subject to the statute of limitations. Count I, to the extent it alleges a claim of failure to intervene, is dismissed with prejudice as to the presently named Defendants. If Tyehimba amends he should file a separate Count alleging failure to intervene.

### C. Sheriff Dart is dismissed from the case.

*1. Plaintiff fails to state a claim pursuant to Monell in Counts I and II*

Defendants assert Counts I and II against Sheriff Dart should be dismissed because Tyehimba failed to plausibly plead a *Monell* claim against him. [52] at 5-8. Tyehimba argues that his allegations are sufficient to establish a *Monell* claim at this stage in the proceedings, and he can develop his theory in discovery. [61] at 3-4. The Court agrees with Defendants that Tyehimba has failed to plead a *Monell* claim against Sheriff Dart.

In Count I, Tyehimba alleges a gap in policy whereby Sheriff Dart encouraged misconduct by failing to adequately train his officers. [49] ¶ 43. To show a gap in policy, a plaintiff must show that the governmental entity had notice that its organization would cause constitutional violations. *J.K.J. v. Polk County*, 960 F.3d 367, 379 (7th Cir. 2020). In widespread practice policy cases, a plaintiff must provide "evidence that there is a true municipal policy at issue, not a random event." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Consequently, "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the [omission in the policy] and the constitutional violation". *Id.*, (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985)). The plaintiff must plead enough evidence of a custom and practice to permit the court to infer that the County has operated impermissibly. *Calhoun*, 408 F.3d at 481. Put differently, a plaintiff must allege more than his own experience to show a specific pattern of conduct to support his widespread practice claim. *See Scott v. Vill. Of Riverdale, Illinois*, 2022 WL 4182489, at *2 (N.D. Ill. Sept. 13, 2022) (citing *Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021)).

Here, Tyehimba has only pled facts specific to the incident that he experienced. This does not permit a reasonable inference that the alleged practice or policy was so widespread that it constituted a policy or practice. Tyehimba has therefore failed to plausibly allege a widespread failure to train or failure to discipline theory under *Monell*.

The case Tyehimba cites does not afford an opposite conclusion. In *Awalt v. Marketti*, the court found that the plaintiff had provided evidence that three other detainees, besides himself, had seizure conditions and were either not provided medication, or were ignored and thus suffered seizures while at the Grundy County jail. 74 F.Supp.3d 909, 938-39 (N.D. Ill. 2014). The plaintiff also identified six other instances where detainees did not receive the medical care or medication they needed while at the jail. Unlike *Awalt*, Tyehimba has provided no other instances besides his own, discussed *supra*.

The Court therefore dismisses Sheriff Dart from Counts I and II without prejudice. Plaintiff is granted leave to amend his complaint to allege other instances to plead a widespread practice theory under *Monell*.

*2. Tort Immunity Act requires dismissal of state law claims against Sheriff Dart*

Defendants argue Sheriff Dart is immune from liability for the state law claims, negligence or willful and wanton conduct, under the Illinois Tort Immunity Act. [52] at 8-9. Tyehimba argues that Sheriff Dart is vicariously liable. Tyehimba relies on the Illinois Counties Code Section 3-6016 which provides that the Sheriff is liable for any negligent omission of his duties. [61] at 6. The Court finds Sheriff Dart is immune on the state law claims.

Section 4-103 of the Tort Immunity Act states:

> Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein.

745 ILCS 10 § 4-103.

8

In *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998), the court held that a plaintiff cannot allege vicarious liability under state law: "To the extent that [the complaint] alleges vicarious liability under state law, the Sheriff is immune under the provisions of the Illinois Tort Immunity Act." Since Sheriff Dart cannot be held vicariously liable, Sheriff Dart is dismissed with prejudice from the state law claims alleged in Count III, IV and V.

**D. State Law Claims**

Gondek and Lewis assert that the Illinois Tort Immunity Act bars negligence claims. According to the Act, Section 2-202, "[a] Public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Willful and wanton acts are those "which…if not intentional, show[] an utter indifference to or conscious disregard for the safety of others…" 745 ILCS 10/2-202. Negligence (Count IV) is a lesser state of mind than willful and wanton. Accordingly, "negligence claims are barred by the Illinois Tort Immunity Act". *See Tyagi v. Sheldon*, 2017 WL 4130532, at *20 (N.D. Ill. Sept. 18, 2017) (dismissing state law claim grounded in negligence).

Based on the plain language of the Illinois Tort Immunity Act, law enforcement officers are barred from suits grounded in negligence.[3] Count IV is therefore dismissed with prejudice.

Discussed *supra*, the Illinois Tort Immunity Act does not protect law enforcement officers who commit willful and wanton misconduct. Here, Tyehimba has

---

[3] Plaintiff relies on *Lacey v. Village of Palatine*, 904 N.E.2d 18 (2009), but there the Illinois Supreme Court affirmed the dismissal of an action and *provided* immunity.

9

alleged that (1) Gondek closed his hand in the cell door chuckhold, (2) proceeded to painfully twist and turn Tyehimba's fingers, (3) snapped the bone as Tyehimba screamed "Please stop, you're hurting me!", (4) saw and heard Tyehimba's finger break, and then (5) proceeded to call him a racial slur.

Accordingly, based upon the allegations, Count V can go forward as to Defendant Gondek.

### E. Qualified Immunity

Finally, Defendants Gondek and Lewis argue that they are entitled to qualified immunity because Tyehimba has not *established their state of mind* as to the alleged constitutional violations. [52] at 11-12. This is not the standard for qualified immunity.

To defeat a qualified immunity defense, a plaintiff must plead facts that show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014) (internal citation omitted).

In his SAC, Tyehimba pleads facts that show Gondek and Lewis violated clearly established constitutional rights: (1) the right to be free from excessive force while in custody, and (2) the right to constitutionally protected medical care. At this stage, that is all that is required. *See Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2001) (noting plaintiffs are "not required to initially anticipate and overcome a defense of qualified immunity" in their complaint); s*ee also Hanson v. Levan* 967 F.3d 584, 589-90 (7th Cir. 2020) ("dismissal under Rule 12(b)(6) is appropriate based

10

on qualified immunity *only when* the plaintiff's well-pleaded allegations, taken as true, do not state a claim of violation of clearly established law.") (emphasis added) (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996)) (internal quotations omitted).

*Reed v. Palmer* is instructive. 906 F.3d 540 (7th Cir. 2018). There, the Seventh Circuit reversed the district court's grant of qualified immunity at the motion to dismiss stage reasoning that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds" because the pleadings rarely develop a robust enough factual record to do so. *Id.* at 546. So too here; it would be premature for the Court to grant qualified immunity where the record is not fully developed. At this stage, Tyehimba's allegations are enough.

The federal claims against Gondek and Lewis may proceed.

### IV. Conclusion

For the stated reasons, Defendant's motion to dismiss [52] is granted in part and denied in part. Cook County is dismissed with prejudice from Counts I-V. Sheriff Dart is dismissed from Counts I and II without prejudice and from Counts III, IV and V with prejudice. The negligence claim in Count IV and the allegation that Gondek and Lewis failed to intervene in Count I are dismissed with prejudice.

The excessive force claim against Gondek in Count I, and the denial of medical care against Gondek and Lewis in Count II may proceed. The battery claim against Gondek in Count III and willful and wanton conduct claim against Gondek in count V may proceed. Cook county remains a Defendant for indemnification purposes only in Count VI.

11

Any amended complaint to allege failure to intervene against an identified officer or to amend the *Monell* claims must be filed by April 15, 2024. Any newly added Defendant will be permitted to raise the statute of limitations as an affirmative defense, if appropriate. Gondek and Lewis did not dispute that the federal claims survive, and each Defendant has filed an Answer to the Second Amended Complaint. *See* [53]; [54]. Defendants will need to file amended answers to the remaining claims and should do so by April 30, 2024.

E N T E R:

Dated: March 15, 2024

MARY M. ROWLAND
United States District Judge